[Crim. No. 2530. In Bank.—May 29, 1923.]

## THE PEOPLE, Respondent, v. JERRY ZUVELA, Appellant.

[1] CRIMINAL LAW — SENTENCE — DELAY IN — ERROR IN PROCEDURE.— The failure to impose the sentence in a criminal case within the time specified by section 1191 of the Penal Code is an error of procedure, and section 4½ of the constitution operates to prevent the granting of a new trial for the error.

[2] ID.—SEDUCTION UNDER PROMISE OF MARRIAGE—CONSENT TO INTERCOURSE—EVIDENCE.—In this prosecution for seduction under promise of marriage it is held that the evidence was sufficient to prove that the complaining witness' consent to the sexual intercourse was obtained by defendant's promise to marry her.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

2. Subsequent offer of marriage as defense to prosecution for seduction, notes, 15 Ann. Cas. 1028; 29 L. R. A. (N. S.) 421.

Harry A. Chamberlin for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

LENNON, J.—The defendant was convicted in the court below of the crime of seduction under promise of marriage. He seeks to have the judgment there rendered reversed upon the ground that the sentence was not pronounced within the time prescribed by section 1191 of the Penal Code and that he was, therefore, entitled to a new trial as a matter of right under the provisions of section 1202 of the Penal Code.

We are satisfied that section 4½ of article VI of the constitution operates to prevent the granting of a new trial for the error, if any, specified. This section of the constitution provides that "No judgment shall be set aside, or new trial granted, in any case, . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

[1] The failure to impose the sentence within the time specified by section 1191 of the Penal Code is clearly an "error" of "procedure." In *Rankin* v. *Superior Court,* 157 Cal. 189 [106 Pac. 718], wherein it was sought to prohibit the trial court from imposing sentence after the lapse of time provided by section 1191 of the Penal Code, it was said: "If the court should refuse a new trial and render judgment against the defendant after the authorized time has passed, its action would be erroneous and the judgment would be reversed on appeal, if an appeal should be taken. But as it would be a judgment rendered by a court having jurisdiction of the subject matter and of the person, it would not be void, nor subject to collateral attack upon the ground of its untimely rendition. As the court, even if it does give judgment, as the petitioner alleges it to be about to do, will not be acting without, or in excess of its jurisdiction, prohibition is not maintainable."

We see no good reason for excepting this particular error from the general provisions of section 4½ of article VI of the constitution. After an examination of the entire cause,

including the evidence, we are satisfied that the error complained of in the instant case did not result in a miscarriage of justice. It will not, therefore, suffice to warrant a reversal of the judgment for the purpose of having a new trial.

[2] The contention of the defendant that there is no evidence tending to prove that the sole and only consideration for the consent of the complaining witness to the sexual intercourse was the defendant's promise of marriage is without merit. This contention is predicated upon the fact that the complaining witness when questioned as to whether or not the defendant's promise of marriage was the only inducing cause of her consent, replied, "I liked him." This answer is not, however, necessarily irreconcilable with the theory that the act of sexual intercourse would not have been accomplished without, or in the absence of, such promise, and that the promise was the only inducement. There is in the record before us ample evidence to support the finding that the defendant had on numerous occasions promised to marry the complaining witness and had discussed the question of marriage with her in the presence of her sisters and her brothers-in-law and with them. There is also the direct testimony of the complaining witness that on the occasion of the first act of sexual intercourse the defendant took her to a rooming-house in Los Angeles and that at that time "he asked me to give up, that he was going to marry me in a few days."

It was held in *People* v. *Wallace*, 109 Cal. 611 [42 Pac. 159], that the evidence was sufficient, in a charge of this character, to support the verdict if the circumstances disclosed be such as to warrant the jury in the deduction that the act would not have been accomplished without, or in the absence of, such promise. Such an inference is, in our opinion, amply justified by the circumstances disclosed by the record before us.

Judgment affirmed.

Myers, J., Seawell, J., Kerrigan, J., Waste, J., Lawlor, J., and Wilbur, C. J., concurred.