[Crim. No. 1421. Second Appellate District, Division One.—December 30, 1926.]

## THE PEOPLE, Respondent, v. JOSEPH RAMOS, Appellant.

[1] CRIMINAL LAW — NEW TRIAL — SECTION 1202, PENAL CODE. — The "new trial" referred to in section 1202 of the Penal Code is a trial upon issues of fact, in view of the provisions of section 1179 of the Penal Code limiting a new trial to a re-examination

---

1. See 8 Cal. Jur. 414.

of the issue in the same court, before another jury, after a verdict has been given.

[2] Id.—Right to New Trial—Plea of Guilty — Judgments. — The right to a new trial, as given by section 1202 of the Penal Code, does not apply when the defendant is awaiting judgment under a plea of guilty.

[3] Id.—Imposition of Sentence—Jurisdiction—Time—Section 1191, Penal Code.—Failure to impose sentence within the time limited by section 1191 of the Penal Code does not affect the jurisdiction of the court to impose sentence.

[4] Id. — Defendant Awaiting Judgment Under Plea of Guilty — New Trial—Error in Procedure.—Even if a defendant awaiting judgment under a plea of guilty is entitled to a new trial, the court's denial thereof is an error of procedure which is not ground for reversal, unless the error has resulted in a miscarriage of justice.

[5] Id.—Burglary—Violation of Probation—Sentence—Judgments —Jurisdiction.—Where, after a defendant had pleaded guilty to a charge of burglary, the trial court attempted to combine with a probation order an order retaining defendant in the custody of the sheriff during part of the probationary period, the latter order being void but severable from the order admitting to probation, the trial court did not lose jurisdiction, upon a violation by defendant of the terms of probation during the period thereof, to sentence defendant to state prison for the term prescribed by law.

(1) 16 C. J., p. 1250, n. 6.   (2) 16 C. J., p. 1125, n. 18.   (3) 16 C. J., p. 1272, n. 6.   (4) 17 C. J., p. 357, n. 34.   (5) 16 C. J., p. 1313, n. 3.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. S. Hahn and M. H. Silverberg for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner L. Praul for Respondent.

3.   See 8 Cal. Jur. 452.
4.   See 8 Cal. Jur. 600.

CONREY, P. J.—On an information charging defendant with the crime of burglary he pleaded guilty and was permitted to file an application for probation. Plea of guilty was entered on the twenty-second day of August, 1924. Thereafter, in due course, the court on October 14, 1924, entered its order as follows: "That proceedings herein be suspended and the defendant granted probation for the term of three years, under the supervision of the probation officer and subject to the terms and conditions stated by the court. The first nine months of said probation period, defendant is to be in the custody of the sheriff of the county of Los Angeles, during which time he shall be permitted to work on the public highways of Los Angeles county." On May 28, 1925, the court made the following order: "Order of October 14, 1924, is now modified as follows: Defendant is ordered released on probation under the terms and conditions stated by the court." On August 6, 1926, defendant was brought before the court pursuant to suggestion made that since his release on probation the defendant had violated the conditions of his probation. The defendant by his counsel then suggested that he was not legally on probation, and asked permission to file an application for a new trial. The application was filed, if we may so infer from the judge's statement: "So far as the written motion is concerned it may be deemed filed." The motion itself is not in the record. The court thereupon rendered judgment that the defendant be imprisoned in the state prison of the state of California, at San Quentin, for the term prescribed by law. The defendant appealed from the judgment, and from the order denying his motion for a new trial. In his "statement of grounds of appeal under Penal Code sections 1246 and 1247," defendant specified that the court had no jurisdiction to pronounce judgment, for the reason that defendant was not sentenced within the time provided under sections 1191 and 1202 of the Penal Code, and that the court erred in denying his motion and request for a new trial.

Section 1191 of the Penal Code states and limits the time for pronouncing judgment, and defines the rules governing extensions of time for pronouncing judgment. Section 1202 of the Penal Code provides, among other things, that if the judgment be not rendered or pronounced within the time

fixed by the court, or to which it is continued under the provisions of section 1191, the defendant shall be entitled to a new trial.

[1] The first question which suggests itself relates to the meaning and effect of the foregoing provision for a new trial, in a case where there has been no first trial. This, of course, always is the condition of the case when a defendant has pleaded guilty. The "new trial" referred to in section 1202 is a trial upon issues of fact. It seems to be axiomatic that on such plea there are no issues of fact, and that there is nothing for a jury to try or to decide. "A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given." (Pen. Code, sec. 1179.) [2] We conclude that the right to a new trial, as given by said section 1202, does not apply when the defendant is awaiting judgment under a plea of guilty.

[3] Further, it is now settled by decision that failure to impose sentence within the time limited by section 1191 of the Penal Code does not affect the jurisdiction of the court to impose sentence. (*Rankin* v. *Superior Court,* 157 Cal. 189 [106 Pac. 718].) [4] And even if it were conceded that the defendant was entitled to a new trial, the court's denial thereof was an error in a matter of procedure. Such error is not a ground for reversal, unless the error has resulted in a miscarriage of justice. (*People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907] ; *People* v. *Haines,* 64 Cal. App. 628 [222 Pac. 183].)

[5] There is, only one other suggested reason offered as a basis for the claim that on August 6, 1926, the court had lost jurisdiction to sentence the defendant. This relates to that part of the record which shows an attempt to combine with a probation order an order retaining the defendant in the custody of the sheriff during a part of the probationary period. On the authority of *People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998], this court in two of its decisions held that the superior court is without authority to suspend execution of sentence or imposition of sentence without admitting the defendant to probation. (*In re Clark,* 70 Cal. App. 643 [243 Pac. 109] ; *In re Howard,* 72 Cal. App. 374 [237 Pac. 406].) In those cases, the orders which were in question therein were construed to be orders not made as probation orders. In the Clark case, we said that for two sufficient reasons

the order was not an order admitting to probation in this: "First, that the order itself states that the application for probation is denied, and, second, because it attempts to retain the defendant in actual custody." We are satisfied, however, that the mere attempt by the court to retain the defendant in custody of the sheriff in the manner shown in the present case is not alone sufficient to affect the validity of the entire order, in the face of the plain and positive provisions of the order granting probation to the defendant for the period of three years. The void portion of the order, directing that defendant remain in the custody of the sheriff during the first nine months of the probation period, is severable from the order admitting to probation which was the principal element of the entire order as made by the court. As we have shown in the foregoing statement of facts, the order of May 28, 1925, was made within that period of nine months, and the defendant was thereupon released from custody. In harmony with the decisions above mentioned, this is exactly what the court could have been required to do. *In the Matter of Fink*, 79 Cal. App. 659 [250 Pac. 714], the trial court had attempted to include in a probation order an order that the defendant be kept in the psychopathic ward of the county farm of Los Angeles County. On *habeas corpus*, it was ordered that the defendant be discharged from confinement in the county farm, "and remain in the charge and under the supervision of the probation officer subject to the lawful orders of the superior court."

So it appears that from and after the twenty-eighth day of May, 1925, the defendant was regularly on probation pursuant to an order suspending proceedings against him and granting him probation for the term of three years; that while thus at large, and within the unexpired term of his probation, the defendant violated the conditions thereof. This being so, and the facts having been duly determined by the court below, the validity of the judgment seems to be clearly established.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.