[Crim, No. 1856.    Second Appellate District, Division Two.—October 21, 1929.]

THE PEOPLE, Respondent, v. GEORGE M. WILSON, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Friedlander, Morfoot & Gray and John L. Van Buskirk for Respondent.

THOMPSON (IRA F.), J.—Two informations, both of them charging the offense of violating the State Poison Act (Stats. 1907, p. 124), were filed against the defendant. One of them alleged the crime to have been committed on March 24, 1929, and the other on March 25th. The cases were consolidated and he was found guilty of both offenses. This was on May 20, 1929. Time for sentence was fixed by the court for May 23d. On this latter day the court denied defendant's motion for a new trial and at the same time permitted the district attorney to file two amended and supplemental informations charging the defendant with a prior conviction, in the District Court of the United States, of the offense of violating the Harrison Narcotic Act (26 U. S. C. A., secs. 211, 691–707), and Jones-Miller Act (21 U. S. C. A., secs. 171–177, 180, 182, 184, 185). Upon the denial by the defendant of the prior conviction the trial judge refused to pronounce sentence; set the trial upon the issues presented by the supplemental informations for May 31st, and continued the time for sentence to the same date.

Just before the defendant denied the prior conviction his counsel moved for a new trial on the ground that the filing of the supplemental informations necessitated a retrial of the entire action. He also made a motion to dismiss the supplemental informations on the ground that they came too late and for the further reason that section 969a of the Penal Code, which purports to authorize such procedure, is unconstitutional. The motion was denied. Although the record does not disclose that any application for probation was made, the transcript shows that when the cause was continued to May 31st, the trial judge said, in defining the purposes of the continuance, "and also for considering whether or not probation should be granted." The jury returned verdicts of guilty of prior convictions charged in both of the supplemental informations and the cause was continued until June 3d. The defendant again moved for a new trial, which motion was denied and sentences were pronounced. A second supplemental information was then filed, alleging another prior conviction, but the trial thereon resulted in a verdict of not guilty and for that reason it is not involved herein. The defendant has appealed from the judgments, from the order denying his motion for a new trial, made and entered May 23, 1929, from a similar order on May 31, 1929, from the order denying his motion for a new trial upon the issue of a prior conviction, made and entered June 3, 1929, from the order denying his motion for a new trial on the ground that he was not sentenced within the required time and from the order denying his motion to dismiss the supplemental informations. He also says that he appeals from the verdicts of the jury, both upon the original as well as the supplemental informations. But it is apparent that they are not appealable.

The first and most insistent claim of appellant is that the trial court was bound to grant him a new trial when it failed to sentence him within the five day period provided by section 1191 of the Penal Code. The material portion of the cited section is as follows: "After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal, or once in jeopardy, the court must appoint a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the

court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment; and provided, further, that the court may extend the time not more than twenty days in any case where the question of probation is considered in accordance with section 1203 of this code, provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional.'' Section 1202 of the same code provides that the court shall grant a new trial in the case of failure to comply with the directions of the statute just quoted. In 1927 (Stats. 1927, p. 1064), a new section, numbered 969a, of the Penal Code was adopted, reading as follows:

''Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted, either in this state or elsewhere, said indictment or information shall be forthwith amended to charge such prior conviction or convictions, and such amendment may and shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be re-arraigned on such information or indictment as amended and be required to plead thereto. Whenever after sentence, *and before the sentence has expired,* it shall be discovered that the indictment or information on which defendant was convicted did not charge all felonies of which defendant had theretofore been convicted, either in this state or elsewhere, it shall be the duty of the district attorney of the county wherein defendant was sentenced to cause to be filed a supplemental information setting up such prior conviction or convictions. Said supplemental information may be filed either in the county from which defendant was sentenced or in the county in which he is then confined. Defendant shall thereupon be arraigned upon such supplemental information and be required to plead thereto. In whichever county the supplemental information is filed, the district attorney of the county from which defendant was sentenced shall sign the same and prosecute the proceedings. If defendant admit the prior conviction or convictions charged, the court shall resentence him to the sentence which would have been legal if such prior conviction or convictions had been admitted at the time of defendant's conviction,

and such resentence shall operate as of the date of the original sentence. If defendant deny the prior conviction or convictions so charged, the issue shall be tried by a jury, or by the court if a jury be waived. If the issue be found in defendant's favor, such supplemental information shall be dismissed. If the issue be found against defendant, the court shall resentence defendant to the sentence which would have been legal if such prior conviction or convictions had been admitted at the time of defendant's conviction, and such resentence shall operate as of the date of the original sentence.'' (Italics ours.)

Obviously the legislature intended, as is manifest from a reading of the statute, that an amended or supplemental information might be filed at any time prior to the expiration of the sentence of the convict. Undoubtedly the requirements of section 1191 are mandatory, and the time for sentence started to run with the return by the jury of the verdicts. (*People* v. *Gilbreth*, 33 Cal. App. 23 [164 Pac. 18]; *In re Todd*, 44 Cal. App. 496 [186 Pac. 790]; *Rankin* v. *Superior Court*, 157 Cal. 189 [106 Pac. 718].) However, the order of continuance recites that it was for the additional purpose of considering the question of probation. We cannot assume that merely because counsel did not make application for the lenient consideration of his client, the trial judge was not actually contemplating its advisability in face of the order in the record. In fact, section 1203 of the Penal Code recites that the court ''upon its own motion . . . at a time fixed may hear and determine in the presence of the defendant the matter of probation of the defendant and the conditions of such probation, if granted.'' Subsequent orders of the court indicate that the matter of probation was still in the mind of the court, at least until after the return of the verdicts upon the supplemental informations. The sentence was pronounced within the twenty-day period which the court is entitled to take when considering that question.

In addition to what has already been said upon the subject we may add that the law is now well settled that the failure to impose sentence within the statutory period is an error of procedure only, not requiring a reversal of the order denying the motion for a new trial where it does not result in a miscarriage of justice. (*People* v. *Zuvela*, 191

Cal. 223 [215 Pac. 907]; *People* v. *Powell,* 83 Cal. App. 62 [256 Pac. 561].) To make apparent the fact that no prejudice could have been suffered in this cause by the delay, let us remark that if sentence had been pronounced within five days, the supplemental informations then filed and verdicts thereon returned and the appellant resentenced, he would be in no different position from the one he now occupies.

■ Counsel also asserts that section 969a, to which reference has already been made, is unconstitutional and that the court erred in permitting the supplemental informations to be filed. His contention in this regard is somewhat vague. He says first that a defendant is thus twice put in jeopardy; that the law violates the *ex post facto* as well as the due process provisions of the state and federal Constitutions, and provides for cruel and unusual punishment. That there is little merit in any of these assertions is apparent from their face as well as from the concession of counsel in a subsequent portion of his brief when he employs the following language: ''While in a strict sense, it cannot be claimed that he is 'twice put in jeopardy,' or that the act is an '*ex post facto*' law, still it partakes somewhat of both. But, in a broad construction of the section, accused is 'deprived of life, liberty, or property without due process of law.' '' We can hardly be expected to take time from other pending causes when counsel, with all of his enthusiasm for the case in hand, confesses his inability to find a provision of the fundamental law to which the section of the code actually does violence. We think the argument that the law is unconstitutional because it is *ex post facto* legislation is completely answered by *Ex parte Gutierrez,* 45 Cal. 429, and on the ground that it put the defendant twice in jeopardy and provides cruel and unusual punishment, by *People* v. *Stanley,* 47 Cal. 113 [17 Am. Rep. 401], and *In re Finley,* 1 Cal. App. 198 [81 Pac. 1041]. ■ That it does not violate a proper conception of the due process provisions is patent from the fact that it provides for the supplemental pleading, the plea thereto, and a trial by jury of the issue. The defendant is fully protected in his right to his day in court.

The next attack of appellant is to the effect that the prior conviction must be alleged in the information or in-

dictment, and cannot be added by the supplemental pleading. This is but a restatement of the former argument that the section under discussion is unconstitutional, because there can be no doubt that it authorizes the procedure here employed and made use of also in the case of *People* v. *Wilson,* 100 Cal. App. 397 [280 Pac. 137].

The remaining points deal solely with the sufficiency of the evidence. It was sufficient in all respects to support the jury in its deductions and, of course, we are bound thereby.

Judgments and orders affirmed.

Works, P. J., and Craig., J., concurred.