[Crim. No. 2111. Second Appellate District, Division One.—November 25, 1931.]

THE PEOPLE, Respondent, v. CARL VON MOLTKE, Appellant.

Larsen & Shaw for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

YORK, J.—The principal question raised by appellant in this matter is that the jury was allowed to separate, after they had been partially instructed by the trial judge. The record discloses the fact that, after the arguments in the case had been concluded, and the' judge had started to instruct the jury and had given several instructions, the matter was continued, with the usual admonition, until the next day; that on the next day the trial judge proceeded to complete his instructions to the jury, and the matter was then submitted to the jury for decision.

The appellant evidently contends that the matter was submitted to the jury upon the completion of the arguments of counsel, or at least when the trial judge started to instruct the jury as to the law. This is not the fact. A case is not submitted to the jury for decision until a judge has completed his instructions. The jury is not entitled to discuss the matter with anyone, not even among themselves, until after the instructions have been given them in full. It is a matter within the discretion of the trial judge as to whether or not the jury shall separate until the submission of the case to the jury for its decision. It is necessarily left to the trial judge to determine whether or not he will allow the jury to separate after the cause is once begun. There may be some facts connected with some cases, which may make it necessary to hold a jury together and not allow them to separate under any circumstance, but there is nothing in the record in this case, which shows any such special circumstance or which shows an abuse of discretion by the trial judge. Therefore, we find no error committed by the trial court in this point, as raised.

Most of the other points raised by appellant are questions of conflict of evidence or of insufficiency of the evidence. The question as to conflict, of course, cannot be considered by this court, excepting in so far as any error committed by the court might be more prejudicial, in case of evidence in favor of the prevailing party being weak. There was sufficient evidence to justify the judgment of conviction.

■ The instructions given by the court were sufficient and properly covered the law of the case. Rule of Court VIII is violated by appellant in raising the questions as to instructions refused, without printing in his brief "all instructions given, bearing upon the subjects covered by the refused instructions". Therefore, although we have examined the instructions with care, we have not discussed in detail the objections to the refused instructions. The refusal of the court to give certain instructions, referred to in appellant's brief only by number and page of the clerk's transcript, did not constitute prejudicial error.

■ The objection of appellant that the court erred in admitting evidence as to the value of certain tools and machinery, to which evidence the counsel for defendant objected, is not well taken. This evidence was properly admitted in that it showed a wide difference between the market value and the low price at which the machinery was sold, and could be considered by the jury as a circumstance tending to show the guilt of the defendant. It also helped to identify the particular tools and machinery, and was preliminary to their introduction into evidence, for the purpose of identification by the owners, and, in any event, could in no way prejudice any right of the defendant. It is not pointed out in the brief as to how this evidence was prejudicial, excepting only the broad statement that it was "highly prejudicial to introduce any evidence as to the value of the goods taken".

■ There was no error committed by the court in its denial of the motion to dismiss the burglary count "on the ground that there had been no evidence propounded which could in any way connect the defendant with that said crime". (Appellant's Opening Brief, p. 36.)

■ The objection raised by the appellant that the defendant was not sentenced within the time provided by law is not well taken, as it appears in the clerk's transcript of the proceedings had before the trial court that the time for sentence was directly waived by the defendant himself *within the time* when the court could have properly pronounced judgment, and that this waiver by the defendant was the cause of at least one postponement by the trial court of the time for sentence. The reporter's transcript, page 133, shows that this waiver was only a waiver of

"objections to the jurisdiction of the court to pronounce judgment, on June 3rd". The court without further waiver of time by defendant continued the matter to June 17th. (Reporter's Transcript, p. 138; Clerk's Transcript, p. 14.) The record shows that on June 17th probation was denied and sentence pronounced, and that defendant objected to sentence at that time on the ground "that the legal period for sentence has elapsed under section 1191 of the Penal Code". (Clerk's Transcript, p. 15; Reporter's Transcript, p. 140.) Penal Code, section 1191, provides for the pronouncement of judgment in not less than two nor more than five days after the verdict or plea of guilty; "provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment; and provided, further, that the court may extend the time not more than twenty days in any case where the question of probation is considered in accordance with section twelve hundred three of this code. . . . " Conceding that the latest day to which the court was authorized to extend the time for sentence was a day not more than twenty-five days after the date of the return of the verdict (8 Cal. Jur., p. 450), section 1202 of the Penal Code provides that if judgment is not pronounced within the time allowed under section 1191, "then the defendant shall be allowed a new trial". It has been held that if defendant does not move or demand a new trial because of delay, then the court can pronounce judgment. (*People* v. *Okomoto,* 26 Cal. App. 568 [147 Pac. 598]; *People* v. *Martinez,* 57 Cal. App. 711, 778 [208 Pac. 170].) In *People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907], the Supreme Court held that, although it would be error for the trial court to refuse a new trial, requested on account of lapse of time in which judgment should be pronounced, this would be only an error of procedure, and the pronouncing of judgment in such case would not be an act in excess of jurisdiction. The court further held that if on examining the entire cause, including the evidence, it appeared that the error did not result in a miscarriage of justice, the judgment should not be reversed. (*People* v. *Ramos,* 80 Cal. App. 528 [251 Pac. 941]; *People* v. *Powell,* 83 Cal. App. 62 [256 Pac. 561]; *People* v. *Wilson,* 101 Cal. App. 376 [281 Pac. 700].)

The court did not commit error in pronouncing judgment, since the defendant, although he objected thereto, did not ask for a new trial; and further, that even if the court did err, the error, in view of the undoubted guilt of the defendant, as shown by the record in this case, did not result in a miscarriage of justice.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.