[Crim. No. 78.   Fourth Appellate District.—March 1, 1933.]

THE PEOPLE, Respondent, v. E. D. MILLER, Appellant.

Joseph Seymour for Appellant.

. U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was convicted of the charge of contributing to the delinquency of four boys under the age of twenty-one years. These boys were present at a gathering held at appellant's home west of the city of Riverside, in Riverside County, given under the auspices of a Greek letter fraternity at which liquor was consumed and games of chance for money were played from which a percentage was deducted for the benefit of the fraternity. Appellant permitted the use of his house for this occasion at which minors gambled and drank intoxicating liquors. It is evident that he was directly connected with the retail sale of liquor on this occasion. We have carefully examined the record and find in it ample evidence to sustain the verdict and judgment.

Appellant demurred to the information and urges error on the part of the trial court in not sustaining the demurrer on the ground of ambiguity, uncertainty and indefiniteness of the charge against him. A similar information was held sufficient in the case of *People* v. *Perfetti,* 88 Cal. App. 609 [264 Pac. 318]. (See, also, *People* v. *Cohen,* 62 Cal. App. 521 [217 Pac. 78].)

Appellant insists that he was not sufficiently identified as the ''Miller'' who permitted the use of the house for the occasion in question. The first witness identified him as ''Mr. Miller, the defendant in this case''. He was subsequently referred to by the same and other witnesses as ''Mr. Miller'', ''E. D. Miller'', and ''Harvey Miller'', which was sufficient identification. There was some testimony concerning ''Le Grand Miller'' and ''Leroy Miller'', which names were not connected with appellant. Appellant complains of small portions of instructions given by the trial court and of the refusal to give other instructions which he requested. We have examined all instructions and find that those given correctly covered the law of the case, with one exception.

■ The first paragraph of instruction number five should not have been given in its present form. The words, "notwithstanding the base character of the witness", should have been stricken. However, we do not consider the use of these words prejudicially erroneous in the present case as there is little conflict in the evidence and no witness was directly impeached. The jury might have concluded that each witness spoke the entire truth and still have reached the same verdict.

■ Appellant contends that judgment was not pronounced within the time limited by section 1191 of the Penal Code and that he is entitled to a new trial. (Sec. 1202, Pen. Code.) The first cited section provides that the trial court must fix the time for pronouncement of judgment, not less than two, nor more than five days after the verdict or plea of guilty, "provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for new trial". Section 12 of the Code of Civil Procedure provides as follows: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded."

The verdict of guilty was returned on September 27, 1932. The time for pronouncing judgment was fixed for Monday, October 3, 1932. The fifth day after the verdict fell on Sunday, October 2d. On October 3d, appellant filed a motion for new trial, which was set for hearing on October 14, 1932, and on October 4th the trial court, on its own motion, advanced this date to October 13th, when the motion was denied and judgment pronounced. October 12, 1932, was a legal holiday.

The fifth day after the verdict was returned fell on Sunday and the 15th fell on a holiday. We are, therefore, of the opinion that the trial court properly set the time for the pronouncement of judgment for Monday, October 3, 1932, and, a motion for a new trial having been filed, properly set the same for hearing on October 13, 1932, and, having denied the motion, was within its rights in pronouncing judgment on that day. (*People* v. *Malone*, 213 Cal. 406 [2 Pac. (2d) 332]; *People* v. *Martino*, 112 Cal. App. 548 [297 Pac. 965].)

In *People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907], it is said: "The defendant was convicted in the court below of the crime of seduction under promise of marriage. He seeks to have the judgment there rendered reversed upon the ground that the sentence was not pronounced within the time prescribed by section 1191 of the Penal Code and that he was, therefore, entitled to a new trial as a matter of right under the provisions of section 1202 of the Penal Code. We are satisfied that section 4½ of article VI of the Constitution operates to prevent the granting of a new trial for the error, if any, specified." (See, also, *People* v. *Haines,* 64 Cal. App. 628 [222 Pac. 183] ; *People* v. *Ramos,* 80 Cal. App. 528 [251 Pac. 941] ; *People* v. *Wilson,* 101 Cal. App. 376 [281 Pac. 700].) ██ Even if judgment had been pronounced in the instant case after the time limited by law, we can find no miscarriage of justice.

The judgment and orders appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 16, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.