[Crim. No. 4541.  In Bank.  Aug. 31, 1944.]

THE PEOPLE, Respondent, v. LESTER WILLIAMS,
Appellant.

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, Frank Richards and
David K. Lener, Deputies Attorney General, Fred N. Howser,

District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

GIBSON, C. J.—This is an appeal from a judgment pronounced after a revocation of probation.

Defendant was charged with petty theft committed after a prior conviction of a like offense and imprisonment therefor. Upon entry of a plea of guilty, imposition of sentence was suspended and he was placed on probation for a period of two years commencing August 9, 1937. In March, 1938, defendant was convicted of forgery in Arizona, and served eighteen months in the state prison. On June 14, 1938, and within the probationary period, defendant's probation was revoked and, as he was then in the Arizona penitentiary, the matter was placed off calendar. After his release by the Arizona authorities, defendant served a term in a federal penitentiary. He was brought before the trial court on May 10, 1943, at which time the order revoking his probation was confirmed and the judgment here appealed from was pronounced.

It is urged that the judgment is invalid because it was not pronounced until after expiration of the probationary period.

The code sections governing the determination of the present problem are sections 1191, 1193, 1202 and 1203-1203.3 of the Penal Code. Section 1191, as it read April 30, 1937, when defendant was placed on probation, provided that the court must pronounce judgment not less than two nor more than five days after the verdict or plea of guilty, but might extend this time where probation was being considered for a designated number of days. Within four months after probation was granted, and prior to the pronouncement of the judgment, section 1191 was amended (effective August 27, 1937), so far as material here, to provide that "After a plea or verdict of guilty . . . the court must appoint a time for pronouncing judgment, which must not be less than two, nor more than five days after the verdict or plea of guilty; . . . *and furthermore may extend the time until any proceedings under section 1203 of this code have been disposed of.*" (Italics added.) ■ The amended portion of the section extending the time for pronouncement of judgment and sentence until any probationary proceeding under section 1203

has been disposed of is procedural in nature, is not *ex post facto,* and did not deprive defendant of a vested right. (*People* v. *Talkington,* 8 Cal.App.2d 75, 81 [47 P.2d 368]; *People* v. *Pollock,* 31 Cal.App.2d 747 [89 P.2d 128]; *People* v. *Von Moltke,* 118 Cal.App. 568 [5 P.2d 917]; *In re Nachnaber,* 89 Cal.App. 530 [265 P. 392]; 7 Cal.Jur. 844.) ■ A probationary proceeding is not disposed of within the meaning of section 1191 until the defendant has satisfied the conditions of his probation and received his discharge or has had his probation revoked and sentence pronounced against him.

■ Although section 1191 provides that the judgment must be pronounced within a designated period, it has been consistently held that failure to pronounce judgment within the time specified is not jurisidictional. (*Rankin* v. *Superior Court,* 157 Cal. 189, 192 [106 P. 718]; *People* v. *Zuvela,* 191 Cal. 223, 224-225 [215 P. 907]; *People* v. *French,* 12 Cal.2d 720 [87 P.2d 1014]; *People* v. *Miller,* 130 Cal.App. 191, 194 [19 P.2d 814]; *People* v. *Rubens,* 11 Cal.App.2d 576, 587 [54 P.2d 98, 1107]; *People* v. *Pollock,* 31 Cal.App.2d 747, 761-762 [89 P.2d 128].) The last-cited case states: "Numerous California authorities have held that the failure of the court to pronounce judgment within the limitation of time prescribed by section 1191 of the Penal Code does not automatically entitle the defendant to a new trial under the provisions of section 1202 of the Penal Code, nor does such delay render the judgment void for lack of jurisdiction. A judgment so pronounced may not be reversed on appeal unless the delay results in a miscarriage of justice, for the reason that the pronouncing of judgment is a mere matter of procedure which will not warrant a reversal, under the provisions of article VI, section 4½, of the Constitution of California." Section 1191 by its terms must be read with section 1203. Therefore, even if we were to assume that the judgment against defendant was not pronounced until after the time limited therefor, it would have to be held that such failure was not jurisdictional to the judgment.

■ Moreover, we find nothing in the probation sections of the code which prescribes the time within which judgment must be pronounced after revocation of probation. Section 1203 authorizes the trial court in certain cases to hear and determine probation matters, and permits the court, if it is satisfied that the ends of justice will be subserved, to grant

probation. The section contains no reference to the time when judgment shall be pronounced.

Section 1203.1 provides that "The court . . . in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence . . . provided, however, that upon . . . the fulfillment of all conditions of probation, probation shall cease at the end of the term of probation, or sooner, in the event of modification." This section gives the court power to place a defendant on probation for the maximum time for which he could be sentenced. If a defendant complies with all the conditions imposed, his probation ends at the time designated. The section does not purport to specify a time when judgment shall be pronounced if a defendant violates the terms of his probation. There is nothing therein that can be construed as limiting the provisions of section 1191. Moreover, as already shown, the latter section specifically authorizes the court to extend the time to pronounce judgment until there has been a disposition of proceedings under the probation sections. The order of the trial court placing defendant on probation for two years and suspending proceedings was in accordance with section 1203.1, but defendant failed to satisfy the terms of his probation, and prior to its expiration it was revoked as authorized in section 1203.2.

Section 1203.2 provides that "At any time during the probationary period . . . the court may in its discretion issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate such probation. . . . Upon such revocation and termination the court may, if the sentence has been suspended, pronounce judgment after said suspension of the sentence for any time within the longest period for which the defendant might have been sentenced. . . ." Thus this section gives the court the power at any time during the probationary period, if the defendant has violated any of the provisions of his probation, to revoke probation and issue a warrant for the rearrest of the defendant. Upon revocation of probation, the defendant, in the eyes of the law, is guilty of the crime and the section fixes no exact time for pronouncement of judgment and must be

construed with other provisions of law on the subject. The phrase "*Upon* such revocation . . . the court may . . . pronounce judgment . . .," may mean "before, after or simultaneously with," according to the context and the purpose of the provision in which it is used. (46 C.J. 1096.) Here it undoubtedly means "after," but does not carry with it the idea of immediate action. This is indicated by the provision of the section which authorizes any probation or peace officer to rearrest any person on probation and bring him before the court "at any time until the final disposition of the case." Under the circumstances of this and similar cases, it would be an idle act to rearrest a defendant "at any time until the final disposition of the case" and "bring him before the court" if the court had no power to pronounce judgment.

Section 1203.3 provides that "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, . . . and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." When considered with the preceding sections, it must be concluded that there is nothing in section 1203.3 that can reasonably be construed as requiring *both* the revocation of probation and the pronouncement of judgment prior to expiration of the probationary period. The section has to do with the discharge of a defendant who has fully satisfied the terms and conditions of his probation. In stating the conditions essential to such discharge, the section repeats the requirement of section 1203.2 that the order *revoking* probation must be made prior to the expiration of the probationary period; but there is nothing in the section with respect to the *time* when sentence must be pronounced after such revocation. The phrase "if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation . . . be by the court discharged" merely author-

izes the discharge of a probationer "if the court has not seen fit" to revoke probation and pronounce judgment in the manner provided for in the other sections of the code. Neither the quoted phrase nor any provision of the section purports to fix the *time* when *sentence* must be pronounced following a seasonable revocation of probation. When read in its entirety and properly fitted into the pattern created by the several sections which make up the probation law, section 1203.3 merely completes the picture by providing for the discharge of a defendant who has satisfied all the conditions of his probation.

Section 1203.2a is without application to this case for, as originally enacted in 1941 and clarified by amendment in 1943, it applies only to a probationer who is subsequently committed in this state.

As stated above, the court may *revoke* the probation at any time during the probationary period, but the defendant may be rearrested at any time until the final disposition of the case and brought before the court. There can be no final disposition of the case when probation is revoked until judgment is pronounced or the defendant is relieved from all penalties and disabilities under the provisions of the probation law. Generally, judgment must be pronounced in the presence of the defendant, unless after the exercise of reasonable diligence to procure the presence of the defendant the court shall find that it will be in the interest of justice that judgment be pronounced in his absence. (Pen. Code, § 1193.) Under this section a defendant must be personally present, and if he is not the court cannot pronounce judgment unless a proper showing of diligence is made as required therein. And even then the court may, in its discretion, find that it would not be in the interest of justice to pronounce judgment in the absence of the defendant. There are, of course, many reasons why a court might desire to have the defendant present when sentence is pronounced, and in a case such as we have here, where because of his confinement elsewhere it is not possible to produce the defendant at the time probation is revoked, the court may consider that, in the interests of justice, judgment should not be imposed until defendant can be brought before the court.

The several sections of the probation statute indicate a

legislative intent to give the trial court supervisory power over a defendant on probation. The period of probation can be for the full length of time for which the probationer could have been imprisoned, or for any less time. During the probationary period the court may modify it by extending or reducing the length thereof. Or it may revoke probation, order the defendant rearrested and thereafter enter judgment against him. Section 1203.2 provides for *revocation* "at any time during the probationary period." *The jurisdictional fact, therefore, is the timely revocation of probation.* There is no exact time prescribed in the probation sections for the pronouncement of judgment and disposition of the matter. In the present case, the order revoking probation was made within the probationary period and while defendant was confined in Arizona. In the eyes of the law, defendant then stood guilty of his crime; he had failed to re-establish himself and it was the duty of the court to sentence him to a penal institution. We do not find any indication of a legislative intention to compel the court, after revocation of probation, to pronounce judgment against an absent defendant. Moreover, the delay in bringing defendant before the court for imposition of sentence was attributable to his intervening confinement in state and federal prisons.

In *People* v. *Hunter,* 42 Cal.App.2d 87, 91 [108 P.2d 472], where, as here, probation was revoked during the probationary period, but judgment was not imposed until after the expiration of such period, the court stated that "upon revocation of his probation, defendant stood before the court guilty of his crimes. He had failed to reestablish himself as a worthy citizen of the state. It was the duty of the court to sentence him to a penal institution. The fact that defendant was committed at a time subsequent to the expiration of the period of his probation is immaterial. His probation had been revoked prior to the expiration of the probationary term."

There is nothing in *People* v. *Lippner,* 219 Cal. 395 [26 P.2d 457], opposed to our conclusion herein. In that case both the revocation of probation and the imposition of sentence occurred "during the term of probation" and the language of the decision was addressed to that factual situation. Nothing said therein was intended to hold that where, as here, the revocation of probation occurs within the probationary period

the imposition of sentence must likewise occur within the same limited period in order to have jurisdictional vitality.

*People* v. *Hainline,* 219 Cal. 532, 534 [28 P.2d 16], states that ''No person is entitled to be placed on probation as a matter of right. It is a power which may be exercised in the discretion of the court to the end, as expressed in the act itself, 'that amends may be made to society for the breach of the law; for any injury done to any person resulting from such breach, and generally and specifically for the reformation and rehabilitation of the probationer; . . .' Where any one of the foregoing purposes of the law has failed there is no just or logical reason why a probationer who has deliberately refused to accept the advantages with which the rehabilitating provisions of the law clothe him, and has returned to a life of crime, should be heard to invoke the benefits of a grace which saved him from the stigma of felony and which was conferred upon him in consideration of a pledge of future honest conduct and good citizenship. As a matter of comparative justice it would be giving to such a person an advantage above others who had never had the grace of probation extended to them upon conviction of their first offense.''

The judgment is affirmed.

Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CURTIS, J.—I dissent. The court's authority in probationary proceedings is wholly regulated by statute. The *plain* language of section 1203.3 of the Penal Code fixes a limit of time after which judgment cannot be pronounced in probation cases, and section 1191 of said code, specifying the time generally for the pronouncement of judgment in criminal cases, has no application to such distinct proceedings.

After authorizing a revocation, modification or change of a probationary order ''during the term of probation'' and a termination of probation at any time when ''the good conduct and reform'' of the probationer warrant it, section 1203.3 provides that ''in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, *the defendant shall at the end of the term of probation or any extension thereof, be* by the court *discharged* subject to the provisions of these sections.'' [Emphasis added.) The imperative form of this statutory direction to the court—through the use of the word ''shall'' (57

C.J. 548)—clearly denotes the Legislature's intent to put a limit upon the time during which a criminal action involving probation considerations may be kept alive and a judgment may be rendered therein. Thus, in *People* v. *O'Donnell,* 37 Cal.App. 192 [174 P. 102], it was held that after the probationary period had fully expired, the court had no jurisdiction to revoke the suspension of sentence and impose a term of imprisonment upon the probationer. The same limitation upon the court's power appears to apply where the revocation of probation is timely but the pronouncement of judgment is delayed beyond the probationary term, for the governing statute plainly refers to the court's performance of *both* acts within the jurisdictional period in order to prevent the defendant's discharge.

Bearing upon this point of construction as to the functioning of the probationary law in this state is the case of *People* v. *Lippner,* 219 Cal. 395 [26 P.2d 457]. There the defendant pleaded guilty to three separate charges of violating the Corporate Securities Act. Each offense was punishable by imprisonment in the state prison for five years or in the county jail for not exceeding two years. Sentence was suspended and the defendant was granted probation for five years. Within four years of the probationary period, probation was revoked and judgment was pronounced that the defendant be imprisoned in the county jail for the term of two years upon each of the charges, the sentences to run concurrently. The maximum term of sentence was thus fixed at two years upon the offenses as misdemeanors, and the defendant contended that the court, in not pronouncing judgment until he had been on probation for four years, lost jurisdiction to impose a sentence of imprisonment in the county jail. In rejecting that argument, this court said at page 405: "There is no question but that the court could have sentenced the defendant to state prison for the term of fifteen years at the time he placed him on probation. It was accordingly within the power of the court at that time to fix the period of the defendant's probation at any term not exceeding the fifteen years, the maximum possible term of sentence which the court could have imposed upon the defendant. *As the court fixed the term of probation at five years, and pronounced judgment against the defendant within that period, it acted within its jurisdiction,* and the judgment so imposed is valid and binding upon the defendant." (Emphasis added.) Implicit in

this holding is the concept that not only should the order of probation be revoked, but also sentence should be imposed during the probationary period in order to preclude successful challenge of the court's power to so conclude the case. In other words, unless *both* acts are done within the time prescribed by statute, it is the duty of the court to discharge the defendant.

As the statute makes no exception to this requirement, the fact of the defendant's prison commitments in other jurisdictions, as disclosed by the record herein, does not furnish any legal reason for the court's failure, after its timely revocation of probation, to pronounce judgment within the period prescribed by legislative mandate. The court was empowered to pronounce judgment in the defendant's absence "in the interest of justice." (Pen. Code, § 1193.) This was the only course open to the court if it was to so conclude this case within the imperative time requirement of the statute furnishing the measure of the power which it may exercise in probationary matters. Upon revocation of his probation, the defendant stood in the eyes of the law guilty of his crime; he had failed to reestablish himself as a worthy citizen of the state; and the court then, and until the expiration of the two-year probationary period, had jurisdiction, and it was its duty, to pass sentence upon him for the term prescribed by law. Its power to provide for his appropriate punishment was not of indefinite duration. Thus, where the Legislature has evinced its *unqualified* intent that *"in all cases"* unless the court has revoked probation and imposed sentence or pronounced judgment, "the defendant *shall* at the end of the term of probation or any extension thereof, be by the court discharged" (Pen. Code, § 1203.3), there is a clear negation of the court's authority to proceed otherwise than as the statute specifies at the time in question. Here judgment was not pronounced during the time prescribed, but some four years *after* the expiration of the probationary period. In so doing the court exceeded the statutory limits of its power, and the judgment should be reversed. (*cf. In re Keene,* 47 Ariz. 191, 194 [54 P.2d 791], where the Supreme Court of Arizona reached a like decision in ruling upon a similar factual situation in the light of that state's probationary law containing the same controlling provision as found here in section 1203.3, *supra.*)

The unmistakable *jurisdictional* nature of the limitation

declared by section 1203.3 prevents the application here of the rule followed with respect to judgments pronounced after the expiration of the time fixed by section 1191, supra—that since that provision contemplates a mere matter of procedure not going to the jurisdiction of the court, a delay beyond the time fixed will not result in a reversal unless a miscarriage of justice appears. (*People* v. *French,* 12 Cal.2d 720, 773-774 [87 P.2d 1014], and cases there cited.)

For the foregoing reasons I believe the defendant is entitled to his discharge from custody.

CARTER, J.—I dissent. I am in accord with the views expressed by Justice Curtis in his dissenting opinion in this case, but I think there is an additional ground upon which the judgment should be reversed. The majority opinion takes the position that the statutory provisions relating to probation are procedural, and therefore the provisions in effect at the time the proceeding comes before the court are applicable rather than those which were in effect at the time the crime was committed or the original judgment was pronounced. I am likewise of the opinion that such provisions are procedural. Such being the case, the trial court was bound by the provisions of section 1203.2a of the Penal Code at the time it pronounced judgment on the defendant on May 10, 1943. This provision was enacted by the Legislature in 1941. Although as stated in the majority opinion it was amended in 1943, the 1941 enactment was in effect at the time judgment was pronounced. Said section then provided:

"If any person who has been released on probation is committed to a State prison for another offense, it is hereby made mandatory upon the probation officer of the county from which he was released on probation to report the commitment to the court within 30 days after being advised in writing of the commitment. Within 30 days thereafter the court shall revoke probation and impose sentence. The sentence of the court may be imposed in the absence of the defendant in such cases. In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, such person may not thereafter be sentenced under any authority retained in the granting of the probation."

I do not agree with the majority opinion that the 1943 amendment which added the words "in this State" after

the words "A State prison," constituted a mere clarification of said section. I think it is clear that the Legislature intended this section to apply to any case in which a person who had been released on probation was committed to a state prison in any state, and it was therefore applicable to the defendant in this case.

Section 1203.2a of the Penal Code was evidently enacted to overcome the effect of the case of *People* v. *Hunter,* 42 Cal. App.2d 87 [108 P.2d 472], which opinion clearly misconstrues the provisions of the Penal Code applicable to probation, and in my opinion is unsound.

The majority opinion states: "When considered with the preceding sections, it must be concluded that there is nothing in section 1203.3 that can reasonably be construed as requiring *both* the revocation of probation and the pronouncement of judgment prior to expiration of the probationary period. The section has to do with the discharge of a defendant who has fully satisfied the terms and conditions of his probation." This statement is clearly erroneous and disregards the plain language of section 1203.3 of the Penal Code. The first sentence in this section states: "The court shall have authority at any time during the term of probation to *revoke,* modify or change its order of suspension of imposition or execution of sentence." Said section further provides: ". . . and in all cases, if the court has not seen fit to revoke the order of probation *and* impose sentence or pronounce judgment, the defendant shall *at the end* of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." In my opinion the only rational conclusion which can be reached from the plain language of this section is that unless probation is revoked *and* sentence is imposed or judgment pronounced within the probationary period, the defendant must be discharged.

Therefore, on both grounds above-mentioned, the defendant was entitled to his discharge before sentence was imposed, and the judgment which imposed a sentence upon him should be reversed.