[Crim. No. 4007. Second Dist.; Div. Three. Sept. 25, 1946.]

THE PEOPLE, Respondent, v. BEN EDWARD PETITT, Appellant.

Ben Edward Petitt, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

WOOD, J.—Defendant, appearing for himself, appeals from the judgment and sentence imposed upon him.

On January 8, 1942, the defendant, represented at that time by the public defender, pleaded guilty to a charge of burglary. His request for permission to apply for probation was granted, and the matters of probation, fixing the degree of the crime, and pronouncing judgment were continued to January 29, 1942. On said date, the court found that the crime was burglary of the first degree, suspended the proceedings and granted the defendant probation for five years upon the conditions that he serve the first six months in the county jail and that he make restitution.

On October 13, 1942, the court made the following order: "Probation is modified as follows: Defendant is allowed to leave the state." The record herein does not show the reason for such modification, but the defendant states in a letter to this court, which letter he sent in lieu of a brief, that "I asked and received permission from the probation department to join the army." It appears from the original file in the office of the clerk of the trial court that said order was based upon a report of the probation officer recommending the modification, and stating that "A letter is written asking permission to return to his home at Coffeyville, Kansas, where a better job can be obtained."

On September 7, 1944, the court made an order as follows: "Violation of probation is filed. Probation heretofore granted

is revoked and a bench warrant is issued for the appearance of said defendant.'' That order was based upon a written report of the probation officer, filed on September 7, 1944, which stated that defendant had been convicted on March 20, 1944, in the Federal District Court at St. Louis of the crime of violating the National Motor Vehicle Act (Dyer Act); that he had been sentenced to the federal reformatory at El Reno, Oklahoma, for two years; and that he had arrived at the reformatory on March 24, 1944.

On October 13, 1945, the defendant was present in the trial court herein with his counsel, the public defender. On said date the court sentenced defendant to the penitentiary at San Quentin for the period prescribed by law. Soon thereafter he was taken to the penitentiary, and he is there now.

Defendant's letter to this court, above referred to, will be regarded as his brief. The substance of his contention is that his period of probation had ended before the court revoked the order of probation, and therefore, the court did not have the power to sentence him. Apparently he considers that the order modifying probation whereby he was permitted to leave the state was an order terminating probation. He stated in his letter that he received mail stating that the probation was set aside. The record herein does not show that probation was terminated prior to the order of revocation on September 7, 1944, and the original file in the office of the clerk of the trial court does not show that probation was terminated before that date.

When the defendant was sentenced, a further report of the probation officer, filed October 11, 1945, was before the court. The reporter's transcript herein shows that the trial judge, prior to pronouncing judgment, submitted that report to defendant's counsel, and that his counsel, after having read it, stated ''it would seem the defendant states his side of the story in the report.'' The defendant's statement, as shown therein, was in part that permission to leave the state was given in order that he might go to Kansas to work for a construction company in doing war work; that he got permission to join the army, but the army would not accept him; that he received two letters from ''probation department saying that the probation was drop[ped]''; that he went to St. Louis and worked for an automobile company; that the owner of the company told him that he could use any of the company's cars; he took an automobile of the conmpany, with the owner's permission,

and drove it from St. Louis, to his mother's home in Cleveland, Texas; that the reason for so doing was to take his pregnant wife to his mother's home; that he was arrested when he arrived there and was sentenced (in the federal court at St. Louis) to two years in the federal reformatory; that he was released from the reformatory on September 16, 1945, but was to be on probation on that charge for six months thereafter; that he came to Los Angeles immediately after his release from the reformatory and obtained work at a warehouse company, which work he continued to do until he was arrested on the charge of violating probation herein; that he and his wife did not get along too well, were separated for a while, and when he tried to get her to come back home she called the police and "that's how they caught up on me on this violation of probation."

Although the defendant implies that he understood that order granting him permission to leave the state terminated his probation, and although he stated that he received mail stating that his probation was set aside, the probation officer's report states that defendant made his monthly probation reports until he was sentenced to the federal reformatory.

The probation report also shows that defendant, when he was a minor, was convicted of attempted "robbery" of a postoffice in Texas, and that his sentence to a reformatory was suspended.

█ The trial court had the power to grant probation for any term not longer than the maximum time for which the defendant could have been sentenced. The punishment for burglary of the first degree is imprisonment in the penitentiary for not less than five years. Therefore the court had power to grant probation for a period of five years. (Pen. Code, § 1203.1.) █ The order granting probation having been made on January 29, 1942, the 5-years' period of probation would not have expired until January 29, 1947. Since the order revoking probation was made on September 7, 1944, it was made during the probationary period, and therefore was made within proper time.

█ The pronouncement of judgment on October 13, 1945, was within proper time after the order revoking probation. (*People* v. *Williams,* 24 Cal.2d 848, 854 [151 P.2d 244].)

The court did not abuse its discretion in revoking probation. The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.