THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR SANTIAGO, Defendant and Appellant.

No. 10427. Argued June 1, 1944.—Decided June 16, 1944.

*Gaetán Roberts & Alcalá* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Appellant was convicted of the crime of seduction and sentenced to serve two years in prison. In this appeal he

maintains that the evidence introduced was totally insufficient and that the testimony of the injured party was not corroborated in regard to the carnal act.

The main contention of the appellant is that there was no evidence as to the promise of marriage for the seduction since the evidence only proved that the promise made by the defendant was always conditioned in the event that "something should happen to the injured party," that is to say, if she became pregnant. We have read carefully the record and, although it is true that in one part of her testimony Ramona Medina, the injured party, expressed herself to the effect that the accused had told her that if anything happened he would marry her, admitting that she had sexual relations with him because she loved him, it is no less true that several times she emphatically testified that she consented to the wishes of the accused because he promised to marry her. Thus we see that toward the end of her testimony, when questioned by the District Attorney, she said:

"Q. Then when he promised to marry you and you had relations with him, you stayed with him because you loved him and not because he promised to marry you?

"A. Because I loved him and because he promised to marry me.

"Q. You had relations with him because he promissed to marry you, yes or no?

"A. Yes, sir.

"Q. He told you that before going to bed?

"A. He told me before going to bed, in bed and afterwards, two or three days later.

"Q. The truth is that besides the love you felt for this man, you consented to it upon the promise of marriage and because you loved him?

"A. Because I loved him and because he promised to marry me."

The phrases used by the injured party to the effect that she gave herself to the accused "because I loved him" and that he promised to marry her "if something happened to her" are not to be considered separately. We have no doubt

that the injured party gave herself to the accused by reason of having been her sweetheart during five years—because she loved him and also because he had always promised to marry her. According not only to her testimony but to that of Jacinta Encarnación, mother of the injured party, the accused visited her at her home and he had asked her in marriage, her mother having given her consent. María Teresa Burgos, another witness, testified that the accused had told her that he was going to marry Ramona when he was in a better economic position. All this evidence, weighed as a whole, was sufficient for the jury to conclude, as it did, that the injured party would not have consented to the carnal act unless the promise of marriage had been made by the accused. *People* v. *Náter*, 41 P.R.R. 886; see *People* v. *Zuvela*, 215 Pac. 907.

In regard to the corroborative evidence of the carnal act, we are of the opinion that it was also sufficient. The mother of the injured party testified that the accused had been the only sweetheart of her daughter since her school days; that he asked her permission to visit her because he wanted to marry her; that he went to her home in the afternoons and at night and several times had lunch or dinner there; that she had a kiosk, next to her home, and the day of the occurrence she saw the accused enter her home around seven o'clock at night and leave about eight thirty; that a month later when she noticed that something was wrong with her daughter, she questioned her and was told that she was pregnant, and what had happened with the accused; that this happened as soon as her menses stopped, and then she took her to see a doctor who told her that she was two months pregnant; that as a consequence of her condition her daughter had a child; that the accused refused to marry her daughter and has not taken care of the child. The case of *People* v. *Morales*, 30 P.R.R. 271, invoked by the appellant, is not applicable to the case at bar. The evidence in that case tended to corroborate the promise of marriage only and nothing more. In the case at

bar, in spite of its circumstantial nature, there is evidence *aliunde* the testimony of the injured party which connects the accused with the commission of the crime. He was seen by the mother on the night of the occurrence when he entered and when he left her house; the injured party became pregnant a month later and told her mother what had happened, and the date of the child's birth coincided with the normal course of said pregnancy counting from the day of the occurrence. The previous chaste character of the injured party was also proved, as well as the fact that the only sweetheart she had ever had and who visited her at home was the accused.

The judgment appealed from must be affirmed.