EL PUEBLO, DEMANDANTE Y APELADO, *v.* MORALES, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por seducción.

No. 1894.—Resuelto en marzo 30, 1922.

SEDUCCIÓN — CORROBORACIÓN DEL TESTIMONIO DE LA SEDUCIDA — PRUEBA INSUFICIENTE.—Al objeto de corroborar el testimonio de la seducida como exige el artículo 250 del Código de·Enjuiciamiento Criminal enmendado en 1909, en cuanto a la realización del acto carnal, es insuficiente la declaración del padre de aquélla que en cuanto a tal extremo solamente expresó ''* * *. No me hizo manifestación alguna por qué dejaba de ir a mi casa; yo lo requerí a él para que contrajera matrimonio *por eso que había hecho en mi casa* y lo llevé a casa a las nueve de la noche y a las nueve de la noche dijo: voy a buscar al juez; y el caso fué que al otro día abandonó la escuela. * * *''

Los hechos están expresados en·la opinión.

Abogados del apelante: *Sres. J. Alemañy Sosa, H. Miranda y M. Tous Soto.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante funda su recurso de apelación contra la sentencia que lo condenó por delito de seducción en que el veredicto de culpabilidad rendido por el jurado no está sostenido por la prueba por no haber sido corroborada la declaración ·de la perjudicada· en cuanto a que existiera promesa de matrimonio ni en cuanto a que haya tenido contacto carnal con el apelante.

La perjudicada Emilia de Jesús declaró en el juicio que

el acusado Oscar Morales era su novio y que tuvo contacto carnal con ella el 20 de mayo de 1921 debido a las promesas de matrimonio que le había hecho antes de dicho acto y que le repitió en ese día para que accediera a sus deseos.

El artículo 250 del Código de Enjuiciamiento Criminal, según quedó enmendado en 1909, dispone que en casos de seducción la declaración de la mujer deberá ser corroborada y la prueba corroborante de esos dos extremos de la declaración consistió únicamente en el testimonio de su padre Arturo de Jesús quien declaró que el acusado le pidió en matrimonio a su hija Emilia y le ofreció casarse con ella por lo que le permitió la entrada en la casa como novio de su hija a quien visitó casi todas las noches hasta el 16 de junio de 1921 en que no volvió; y dijo además "No me hizo manifestación alguna por qué dejaba de ir a mi casa; yo lo requerí a él para que contrajera matrimonio por eso que había hecho en mi casa, y lo llevé a la casa a las nueve de la noche, y a las nueve de la noche dijo: voy a buscar al juez; y el caso fué que al otro día abandonó la escuela. Eso fué el 16 de junio   *   *   * ."

Si bien esa declaración es corroboración bastante de que con anterioridad al 20 de mayo de 1921, en cuya fecha se imputa al acusado la seducción, el apelante había hecho ofertas de casarse con Emilia de Jesús, no corrobora el otro extremo de la declaración de la perjudicada relativo a que el acusado tuviera contacto carnal con ella. *El Pueblo* v. *López,* 24 D. P. R. 439.

En ese caso también dijimos que en el delito de seducción hay dos elementos que son igualmente importantes: la seducción y la promesa de matrimonio, y que debe haber prueba que tienda a corroborar cada uno de dichos elementos, citando varios casos resueltos en ese sentido; y en el de *El Pueblo* v. *Rosario,* 25 D. P. R. 725, tratamos esa cuestión extensamente llegando a la misma conclusión. Recientemente, el 17 de este mes y año, en el caso de *El Pueblo*

*v. Francisco de Jesús,* por violación, hemos aplicado igual regla de corroboración.

Por falta de corroboración de la declaración de la mujer ofendida, en el extremo indicado, el veredicto del jurado no está justificado por las pruebas y en consecuencia debe ser revocada la sentencia condenatoria apelada y absuelto el acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Wolf y Hutchison.