El Pueblo de Puerto Rico, demandante y apelado, *v.* Salvador Santiago, acusado y apelante.

Núm. 10427.—*Sometido:* Junio 1, 1944. *Resuelto:* Junio 16, 1944.

*Gaetán Roberts & Alcalá,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante fué convicto de un delito de seducción y sentenciado a cumplir dos años de presidio. En este recurso alega que la prueba presentada fué totalmente insuficiente y que la declaración de la perjudicada no fué corroborada en cuanto al acto carnal.

La contención principal del apelante es que no hubo prueba sobre la promesa de matrimonio para la seducción pues la evidencia, lo único que demuestra es que la hecha por el acusado siempre fué condicionada a que "la perjudicada le pasara algo", es decir, que saliera embarazada. Hemos leído detenidamente la transcripción de evidencia y si bien es cierto que en una parte de su declaración Ramona Medina, la perjudicada, se expresó en el sentido de que el acusado le había dicho que si le pasaba algo él se casaría con ella y admitió que ella tuvo relaciones sexuales con él porque lo quería, no es menos cierto que varias veces declaró, enfáticamente, que accedió a los deseos del acusado porque él le ofreció casarse con ella. Así vemos que al final de su declaración dijo a preguntas del fiscal:

"P.—¿Entonces cuando él le ofreció casamiento a usted y usted se quiso con él, usted estuvo con él porque lo quería y no porque le ofreció casamiento?

R.—Porque lo quería y porque me ofreció casamiento.

P.—¿Porque le ofreció casamiento usted se quiso con él si o no?

R.—Sí, señor.

P.—¿Eso se lo dijo antes de acostarse en la cama?

R.—El me lo dijo antes, en la cama y después de dos a tres días más.

P.—La realidad es que además del amor que usted sentía por este hombre, usted accedió a ello por la promesa de matrimonio y porque lo quería.

R.—Porque lo quería y por ofrecerme matrimonio."

Las frases dichas por la perjudicada al efecto de que se entregó al acusado "porque lo quería" y que él le ofreció

casarse "si le pasaba algo" no deben ser consideradas aisladamente. No tenemos duda de que la perjudicada se entregó al acusado—por haber sido su novio durante cinco años —porque en efecto lo quería sino también porque él siempre le había prometido casarse con ella. De acuerdo, no sólo con su declaración, sino con la de Jacinta Encarnación, madre de la perjudicada, el acusado la visitaba en su casa y la había pedido en matrimonio a lo que accedió la madre. Otra testigo, María Teresa Burgos, declaró que el acusado le había dicho que se iba a casar con Ramona cuando mejorara de situación. Toda esta prueba, apreciada en conjunto, fué suficiente para que el jurado concluyera, como lo hizo, que la perjudicada no hubiera accedido al acto carnal a menos que hubiera existido la promesa de matrimonio por parte del acusado. *Pueblo* v. *Náter,* 41 D.P.R. 875; véase *People* v. *Zuvela,* 215 Pac. 907.

En cuanto a la prueba de corroboración del acto carnal consideramos que también fué suficiente. La madre de la perjudicada declaró que el acusado había sido el único novio de su hija desde que estaba en la escuela; que le pidió permiso para visitarla pues quería casarse con ella; que él iba por la tarde y de noche y varias veces almorzaba o comía en su casa; que ella tenía un negocio de kiosco al lado de su casa y el día de autos ella vió al acusado entrar a su casa como a las siete y salir a las ocho y media de la noche; que un mes después cuando notó que a su hija le pasaba algo, le preguntó y ella le dijo que estaba encinta y le contó lo que le había pasado con el acusado; que eso ocurrió tan pronto como le faltó (la regla) y entonces la llevó donde un médico y éste dijo que tenía dos meses de embarazada; que como consecuencia de su embarazo su hija tuvo un niño; que el acusado se negó a casarse con su hija y no le ha pasado nada al niño. El caso de *El Pueblo* v. *Morales,* 30 D.P.R. 292, citado por el apelante, no es aplicable al de autos. La prueba en aquél sólo tendió a corroborar la promesa de ma-

trimonio y nada más. En el de autos, aún cuando de carácter circunstancial, hay prueba *aliunde* a la declaración de la perjudicada que conecta al acusado con la comisión del delito. Fué visto por la madre, la noche en que ocurrieron los hechos, cuando entró y salió de su casa; la perjudicada quedó embarazada un mes después y le contó a su madre lo ocurrido, y la fecha de nacimiento del niño coincidió con el curso normal de dicho embarazo desde la fecha en que ocurrieron los hechos. Se probó, además, el previo carácter casto de la perjudicada y que el único novio que había tenido y que visitaba la casa era el acusado.

*Debe confirmarse la sentencia apelada.*