[Crim. No. 2185.   Second Appellate District, Division One.—June 10, 1932.]

THE   PEOPLE,   Respondent,   v.   ROBERT   BRYANT, Appellant.

John J. Hamilton for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of grand theft. He appeals from the judgment and from an order denying his motion for a new trial. The first point suggested in support of the appeal is that by reason of lapse of time (more than twenty-five days), between the date of the verdict and the time of pronouncement of judgment, the court erred in pronouncing judgment over the objection of the defendant that the elapsed time exceeded that which under the conditions of this case was permitted under sections 1191 and 1202 of the Penal Code. The verdict was returned and entered on the second day of December, 1931. Judgment was pronounced on January 8, 1932, immediately following the denial of a motion for a new trial and the denial of an application for probation. The claim now made by appellant that on January

8th he moved for a new trial and objected to the pronouncement of sentence, on the grounds mentioned in section 1202 of the Penal Code, does not appear to be sustained by anything contained in the record. Therefore the point is not available to appellant at this time, and the court did not err in pronouncing judgment at the time above stated. (*People* v. *Okomoto*, 26 Cal. App. 568, 573 [147 Pac. 598]; *People* v. *Manes*, 104 Cal. App. 493, 497 [285 Pac. 1073]; *People* v. *Von Moltke*, 118 Cal. 568 [5 Pac. (2d) 917].)

■ Next, it is contended that the court erred in permitting the testimony of Mrs. Luna, as recorded in the transcript of the preliminary hearing, to be read to the jury and admitted into evidence over the objections of counsel. On October 19th the case was set to be tried on November 30th. On November 9th an amended information was filed, a new plea entered and the case again set for November 30th, at which date and two days following the case was tried. Before the admission in evidence of the testimony which Mrs. Luna had given before the committing magistrate, it was shown by competent evidence that Mrs. Luna had gone from the state of California to the state of Texas about six weeks before the time of this trial, and that she had not returned to this state; it was further shown that on November 24th, in response to a telegram and letter from the district attorney, Mrs. Luna sent to the district attorney a letter in which she said, in substance, that she would not be able to be present at the trial of this action and that her physician advised her that her physical condition would not admit of the trip. The letter and the telegram from Mrs. Luna were received in evidence without objection by defendant. The court did not err in overruling the objection or in receiving in evidence the testimony given by Mrs. Luna at the preliminary examination. (Pen. Code, sec. 686; *People* v. *Thomas*, 100 Cal. App. 82 [279 Pac. 86]; *People* v. *Crandall*, 100 Cal. App. 785 [281 Pac. 81].)

■ It is next contended that the court erred in refusing to grant a new trial on the ground of newly discovered evidence, the nature of which was shown by affidavits filed in support of the motion. There is no merit in this point. Aside from the manifest weakness of the affidavits themselves it is sufficient to note that the pertinent matters therein contained were stated on information and belief. To say

the least, such affidavits are not sufficient to compel the granting of a new trial. (Pen. Code, sec. 1181, subd. 7; *People* v. *Feld,* 149 Cal. 464, 478 [86 Pac. 1100].)

Next, it is claimed that the court erred in refusing to grant the defendant a new trial on the ground that the verdict was contrary to the evidence. In reading the argument contained in appellant's brief (p. 75 et seq.) we do not find any clear or direct specification of any particular wherein the evidence fails to sustain the verdict. The theft of which the defendant was convicted was in the information described as a taking wilfully, etc., of money "of the personal property of Mrs. Fanchon P. Luna". The defendant orally agreed to purchase from Mrs. Luna her automobile and to pay therefor $1650. Representing to her that he had only $1,000 of money in hand, and that it would be necessary for him to mortgage the automobile for the remaining $650, he induced her to deliver to him a bill of sale of the car in order that he might go into a loan office and negotiate the $650 loan. This was done, Mrs. Luna and her sister remaining in the car, near said loan office. After thus obtaining from the loan company a check for $750, defendant got into the car and they drove to a place near a bank, where defendant said that he had his money on deposit. He left Mrs. Luna and her sister in the car, while he went into the bank where he had promised that he would obtain for Mrs. Luna a cashier's check for the $1650 which she was to receive. Then he promptly disappeared. Mrs. Luna did not see the defendant again until after his arrest on the present charge. In a case of this kind "an erroneous allegation as to the person injured" is not material. (Pen. Code, sec. 956; *People* v. *Larrabee,* 113 Cal. App. 745 [299 Pac. 85]; *People* v. *Nelson,* 84 Cal. App. 10 [257 Pac. 555]; *People* v. *Sing,* 42 Cal. App. 385, 395 [183 Pac. 865].)

Finally, there are two assignments of misconduct of the district attorney in making certain statements to the jury. Both of these items are too trivial to require discussion.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.