[Crim. No. 1925. First Appellate District, Division One.—February 10, 1937.]

THE PEOPLE, Respondent, v. GUS FARBER, Appellant.

Walter H. Duane for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was charged with the crime of robbery. He was tried and convicted, the jury finding him guilty of robbery in the first degree. Motions for a new trial in arrest of judgment and for probation were made and denied and he was sentenced to San Quentin. The motion for a new trial was made on the grounds of newly discovered evidence and that the judgment was not pronounced within the statutory period. From the final judgment and the order denying his motion for a new trial this appeal is taken.

The case arose out of the robbery of a Standard Oil service service station employee. This employee was a witness at the trial and he testified as to being held up at the point of a gun and robbed. Another witness offered on behalf of the prosecution was an inspector of the police department, who testified that appellant had made a written statement of the robbery in which he claimed one Melvin Gunderson had committed the crime. In his statement he admitted that he had been approached by Gunderson and was asked to take him down town as he wanted to steal an automobile, and that he had complied with the request; that Gunderson failed to carry out his plan and appellant later undertook to drive him home; that when passing the Standard Oil station at Alemany and Bayshore Boulevard he was requested by Gunderson to stop as he intended to hold up the station; that in compliance with Gunderson's request he did so, whereupon Gunderson held up the station and obtained approximately twenty-seven dollars. Appellant took the stand and testified as to his activities with Gunderson on the night of the robbery. He stated in substance that he was about to leave his office on San Bruno Avenue to go down town for dinner when he was approached by Gunderson and asked if he might accompany him as he wanted to steal a car; that Gunderson failed in his plan and was returning with appellant to his home when they passed the station in question. Gunderson told appellant to stop his machine, stating that he wanted to rob the station. This

appellant did. Gunderson then left appellant's car and returned in two or three minutes; later he handed him some silver which he stated to be one-half of the proceeds of the robbery. Appellant admitted at the trial that the written statement was true.

In support of his motion for a new trial upon the ground of newly discovered evidence, an affidavit was presented which was made by defendant's attorney to the effect that after the trial he had visited San Quentin and interviewed the accomplice of defendant and at that time the accomplice stated that if he had been called as a witness he would have testified that appellant had no information or knowledge of the intended robbery prior to its perpetration; that he, the accomplice, had not contemplated the perpetration of the act until the moment that he passed the service station, and did not then make known his purpose to appellant; that no information on the matter was given to appellant until they drove away, and appellant in no way had aided or assisted in the perpetration of the robbery. Under these circumstances there was no error in refusing the motion for a new trial based on such an affidavit. Defendant, according to his own statement, knew of these alleged facts at the time of the trial, the only reason given for not using them being that he thought his accomplice was unfriendly and would not tell the truth. This does not constitute new evidence within the meaning of the statute. (*People* v. *Sullivan,* 3 Cal. App. 502 [86 Pac. 834].) Then again, it is generally regarded as essential to the consideration of a motion for a new trial based upon newly discovered evidence that such motion shall be supported by an affidavit of defendant himself, unless a valid and sufficient reason for the omission is shown. The affidavit of defendant must show that he did not know of the existence of such evidence at the time of the trial, or that he used due diligence to discover the same, or that he could not have discovered it by the exercise of reasonable diligence. (16 Cor. Jur., p. 1231.) The affidavit by appellant's counsel as to what Gunderson would testify to is mere hearsay. It is nothing more than a statement based upon information and belief and as such cannot be the basis of a motion for a new trial. (*People* v. *Phillips,* 120 Cal. App. 644 [8 Pac. (2d) 228]; *People* v. *Bryant,* 124 Cal. App. 241 [12 Pac. (2d) 168].) A further objection to

the evidence sought to be introduced is that it is merely cumulative. Defendant had testified that the robbery was not premeditated on his part and that he knew nothing about it until after it had been committed. It is not error to deny a motion for a new trial based solely on cumulative evidence. (8 Cal. Jur. 430–433.)

 The second point raised by appellant, that the trial court erred in failing to comply with the provisions of sections 1191 and 1202 of the Penal Code in pronouncing judgment within the maximum of 115 days thereby permitted, the judgment not being pronounced until 151 days after the rendition of the verdict, did not compel the granting of a new trial. In this connection the record fails to show an objection to any of the various continuances had for the purpose of considering defendant's motions, nor does it show that the motion for a new trial was based upon this ground. Besides, the error committed was one of procedure merely and did not result in a miscarriage of justice. This alleged error clearly comes within the general provisions of section 4½ of article VI of the Constitution of the state of California. (*People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907] ; *People* v. *Bryant, supra*; *People* v. *Miller,* 130 Cal. App. 191 [19 Pac. (2d) 814].) In this connection it is further claimed that the court had lost jurisdiction to sentence defendant, and as he had been once in jeopardy he should be set free. This contention is based upon the fact that after the court had denied defendant's motion for a new trial probation was asked, which motion was continued for consideration and hearing until June 6, 1936. On that day the hearing again went over by consent until June 27, 1936, on which day it was again continued by consent until August 8th, following.

The record shows that on August 8, 1936, the matter was continued until August 29th, upon which last-named day the court denied probation, it having received a report that defendant had been engaged in a series of robberies. It is claimed that on August 8, 1936, when the continuance was granted the court was not present, the continuance having been made by the clerk whose sole authority was to continue the hearing for one day, under section 139 of the Code of Civil Procedure. This was a mere matter of procedure that did not affect the jurisdiction of the court or the substantial rights of defendant as the actual trial had long since passed.

Then again, defendant made no objection to the pronouncement of judgment on this ground. The court therefore did not err in pronouncing it.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 11, 1937.