[Crim. No. 1750.   Third Appellate District.—February 17, 1941.]
THE PEOPLE, Respondent, v. CARSON EGBERT, Appellant.

James F. Garrney and Peter Mannino for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

TUTTLE, J.—Defendant appeals from the judgment following his conviction of burglary of the first degree, and also from an order denying his motion for new trial.   The only

contention on appeal is in respect to the latter, and we will therefore assume that lack of merit in the appeal from the judgment is conceded.

On the evening of September 8, 1940, at about the hour of 9:00 o'clock, Mrs. Carroll heard a noise at the rear door of her residence. She and her husband had already retired. She arose and went to the service porch and turned on the light. She saw a newly made hole in the screen of the outside door, and a bare arm extending into the house. The hand was reaching for the door knob on the inside. She saw a face pressed closely to the screen, which she testified was that of defendant. The man disappeared. The police were called. They found defendant a short distance from the house. He had parked his car in front of the Carroll home, and was walking toward it when apprehended. There were a number of scratches on his right arm, running parallel with the arm about one-eighth of an inch apart. These scratches were white when first noted, but turned red later.

Upon motion for new trial, defendant contended that it was a case of mistaken identity, and that he was some place other than the scene of the crime at the time of its commission. He based his motion upon newly discovered evidence, and in support thereof filed an affidavit by one Opal Smith, whom he testified he had met at a bar prior to the offense, but whose name he did not ascertain until about a week after the trial. She averred that she had met defendant the night of the crime, and after they had had a few drinks together, they drove in his car toward Land Park, which is a very short distance from the Carroll home; that they parked the car before they arrived at the park; that they remained there a short time; that she told defendant that she wished to go to the home near by where she was employed; that defendant suggested that they walk in the park, which they proceeded to do; that after an argument, defendant left her and started to walk toward his car. The time was 8:55 P. M.

■ It is a well settled rule that a motion for new trial is addressed to the sound discretion of the trial court, and any ruling thereon will not be disturbed on appeal except upon a manifest and unmistakable abuse of discretion. The chief, if not the only, consideration before the trial court is whether or not the newly discovered evidence is of sufficient probative force to render probable a different result upon a retrial of the case. (20 Cal. Jur., p. 92, sec. 61.)

The record here does not show an abuse of discretion in the denial of the motion. The positive identification of defendant by Mrs. Carroll, the fresh scratches upon his arm, the manner in which he was dressed, the fact that he was found at the scene of the crime, and that his car was parked near the house which he attempted to enter—these and other facts in the record must have convinced the trial court that another trial would have been a futility. The court may have also reasonably found that the affidavit was worthy of little or no credence, taking into consideration the obvious character and associations of affiant.

Appellant contends that no counter affidavit was filed by the People. None was necessary. The trial court, in the exercise of its discretion, must have taken that fact into consideration in denying the motion. Whether or not the affidavit called for an answer was a matter for the court to decide, in exercising its discretion.

Appellant relies upon the case of *People* v. *Shepherd*, 14 Cal. App. (2d) 513 [58 Pac. (2d) 970], where the order denying a motion for new trial was reversed. There, the newly discovered evidence consisted of the testimony of a witness who stated that he had committed the crime of which the defendant had been convicted, and that he, said witness, had pleaded guilty to the precise charge, and judgment had been pronounced against him. Furthermore, the district attorney there announced that he would not oppose the motion. It could scarcely be denied that the trial of a defendant, under such circumstances and without the proposed evidence, would be a manifest injustice, and it is clear that the denial of the motion was an abuse of discretion. Here, the facts which it is proposed to prove have no such probative force. At most, they merely tend to corroborate the story of defendant.

The record shows that defendant was fairly tried and convicted. There are other facts and circumstances not related here which tend to prove his guilt. All the evidence clearly indicates that no miscarriage of justice resulted from the ruling of the court.

The judgment and the order are affirmed.

Pullen, P. J., and Thompson, J., concurred.