[Crim. No. 5975.   In Bank.   Feb. 5, 1957.]

THE PEOPLE, Respondent, v. WILLIE GREENWOOD,
Appellant.

Melvin Simon and Stuart Kesner for Appellant.

Edmund G. Brown, Attorney General, and James L. Mamakos, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant was charged with assault by means of force likely to produce great bodily injury, a felony, committed on the person of Raymond James on or about November 11, 1955. (Pen. Code, § 245.) After a plea of not guilty, defendant waived a jury trial, and it was stipulated that the cause be submitted on the testimony taken at the preliminary hearing, with each side reserving the right to submit further evidence. Both sides introduced additional testimony and defendant testified in his own behalf. He was found guilty as charged. Following the denial of his application for probation and his motion for a new trial, defendant was sentenced to a term of six months in the county jail. He appeals from the judgment and from the order denying the motion for a new trial.

Defendant's sole contention on this appeal is that the trial court abused its discretion in denying his motion for a new trial, which motion was based upon the ground of allegedly newly discovered evidence. (Pen. Code, § 1181, subd. 8.) After a review of the record, however, we have concluded that defendant's contention cannot be sustained.

The evidence shows that on the night of November 11, 1955, between 10 and 11 o'clock, the complaining witness James, who operated a shoe shine stand on Central Avenue, in the city of Los Angeles, was struck on the head and arm with a shoe shine form. James and a bystander who saw the assault testified that defendant was the assailant. Defendant had previously owned the shoe shine stand, at which time James had asked for a job there but defendant had told James that he could not afford a helper.

Defendant denied the assault. He testified that he was at home asleep at the time of the alleged offense, and he produced two witnesses to support his alibi. Defendant also called William J. Hartwell, who testified that he was near the scene of the assault at the time it occurred, that he saw somebody run by him, but that defendant was not the man.

Upon this conflicting evidence, the trial court found defendant guilty. Defendant then moved for a new trial on the ground of newly discovered evidence. (Pen. Code, § 1181, subd. 8.) That section provides: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: . . . 8. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. . . ."

In support of his motion for a new trial, defendant filed the affidavit of Hartwell, defendant's witness at the trial. In that affidavit Hartwell purported to confess that he himself had committed the assault on James, and stated that defendant was innocent and knew nothing of what happened that night because "he wasn't on the scene." At the time the motion was heard, the court observed at the outset: "Well, the first thing I noticed was the affiant [Hartwell] stating that he told [defendant] about the situation either before the trial or possibly before the preliminary." The court then asked defendant's attorney how he could "say it is newly discovered evidence if the defendant knew about it," and said attorney only answered: "I heard rumbles about it." Defendant's attorney then stated that the first time he knew about Hartwell's affidavit was when he "was called by the probation officer," that he did not see it until he "came up here in court" and that he had "nothing further to add." The court denied the motion.

The granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. (*People* v. *Beard,* 46 Cal.2d 278, 282 [294 P.2d 29].) It is also well settled that such motions are looked upon with disfavor (*People* v. *Yeager,* 194 Cal. 452, 491 [229 P. 40]; *People* v. *Mandell,* 48 Cal.App.2d 806, 818 [120 P.2d 921]), and that an appellate court will not interfere except upon a clear showing of an abuse of discretion by the trial court. (*People* v. *McGarry,* 42 Cal.2d 429, 432-433 [267 P.2d 254]; *People* v. *Gompertz,* 103 Cal.App.2d 153, 163 [229 P.2d 105].)

■■ Facts that are within the knowledge of the defendant at the time of trial are not newly discovered even though he did not make them known to his counsel until later (*People* v. *English*, 68 Cal.App.2d 670, 673 [157 P.2d 429]; *People* v. *Farber*, 19 Cal.App.2d 189, 192 [64 P.2d 1138]); and it must appear that evidence, rather than merely its materiality, be newly discovered in order to support a motion for a new trial on that ground. (*People* v. *Beard, supra*, p. 282; *People* v. *Urquidas*, 96 Cal. 239, 242 [31 P. 52].)

■■ In the light of the foregoing rules it cannot be said that the trial court abused its discretion in this case. It appears that if there were any truth in Hartwell's affidavit concerning his guilt, defendant knew of this "situation" prior to the trial. Nevertheless, defendant used Hartwell as a witness and remained silent while Hartwell gave testimony purporting to implicate some unidentified third person. At the hearing on the motion for a new trial neither defendant nor his attorney presented any affidavit to show that they did not previously know the facts which they now claim to be the true facts. While defendant's attorney may not have known of the actual existence of Hartwell's purported confession in affidavit form until after the trial, he admittedly had previously "heard rumbles about it [the confession]."

■ Knowledge of the facts themselves, rather than knowledge of the precise manner of their recital, is the important factor in determining whether the evidence subsequently presented is evidence which defendant "could not, with reasonable diligence, have discovered and produced at the trial." (Pen. Code, § 1181, subd. 8.)

Defendant's position is not fortified by his reliance on *People* v. *Shepherd*, 14 Cal.App.2d 513 [58 P.2d 970]. While there the motion for a new trial on the ground of newly discovered evidence also involved the presentation of an affidavit of confession, these further factors were present: At the hearing and after seeing the confessing affiant, the complaining witness expressed "doubt" as to his previous identification of one of the convicted defendants as his assailant; and the deputy district attorney thereupon stated that "in view of the inherent weakness in identification of the original case" and "the newly discovered evidence," he would withdraw opposition to the motion for a new trial. (P. 516.) ■■ In contrast here, defendant, the alleged assailant, was unequivocally identified by James, the victim, and by another witness who was present at the scene. The credibility of James'

identification was strengthened by the fact that some months prior to the assault he had unsuccessfully applied to defendant, the previous owner of the shoe shine stand, for work and thus had previously known the defendant. The trial court, having heard this positive testimony as to identification and having observed Hartwell when he testified, had ample opportunity to gauge the reliability of the opposing witnesses. Moreover, in support of the motion for a new trial in the Shepherd case, the convicted defendants filed affidavits stating that they did not know any of the facts contained in the confessing affiant's affidavit until after their conviction. Here no such affidavit was produced by defendant, and the above-mentioned colloquy between the court and defendant's attorney indicated that defendant, and perhaps his counsel, were aware of the Hartwell "situation" prior to the termination of the trial. Under these circumstances, the trial court's denial of a new trial does not appear to have been an abuse of discretion and its order will not be disturbed. (*People* v. *Sing Yow,* 145 Cal. 1, 4-5 [78 P. 235].)

The judgment and order are affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.