[Crim. No. 6108.   Second Dist., Div. Three.   Oct. 28, 1958.]

THE PEOPLE, Respondent, v. GLORIA A. QUESADA, Appellant.

Richard R. Cody for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In a nonjury trial defendant was adjudged guilty of assault with a deadly weapon. She appeals from the judgment and the order denying her motion for a new trial.

Appellant contends that the evidence was insufficient to support the judgment; and that the court abused its discretion in not granting a new trial on the ground of newly discovered evidence.

On January 15, 1957, about 1 a. m., Miss Blair and Mr. Solorzano were sitting at the bar in a saloon. About 10 minutes thereafter, the defendant and Espe Baca (girl friend of defendant) entered the saloon and approached Miss Blair with whom they were acquainted. Baca asked Blair if her friend (Solorzano) would buy a drink for Baca and defendant. Solorzano bought drinks for them, and they sat at the bar.

Blair testified that, after the drinks had been served, she stood up in order to show new pedal-pushers to Baca; when she stood up she left her cocktail glass on the bar; at that time defendant was sitting at the bar, and Blair and Baca were standing near defendant; Blair was about 3 feet from defendant and she (Blair) did not have anything in her hands; while they were standing there, defendant criticized Blair with respect to her clothes, dyed hair, and moral character; then the defendant hit Blair on her left temple, near her eye, with a cocktail glass; the glass broke and cut Blair's face; defendant and Baca ran out of the place; Blair was taken to a hospital where doctors sewed the face injury; the doctors also sewed a wound which was in the palm of Blair's hand; she did not know the cause of the cut in her hand.

Mr. Solorzano testified that after the drinks had been ordered, and while he was sitting at the bar and while Blair, Baca, and defendant were standing near him, he heard conversation and he noticed that Blair was looking toward the floor and seemed to be laughing; then he saw defendant, with a cocktail glass in her hand, "lash out" at Blair with her right hand and strike Blair on her left temple; defendant made another grab at Blair, but Solorzano (witness) and the bartender pushed the defendant away.

A police officer testified that he had a conversation with defendant, in the presence of her attorney, at the police station two days after the injury occurred; in that conversation the defendant said: she had known Blair a long time; at the time involved here, Blair kept insisting on buying a drink for

defendant, and that defendant had refused; Blair turned toward defendant, with a glass in her hand, and defendant believed that she struck Blair at that time; she and Blair had been "teed off at each other" over an old boy friend; a wound, which was on her hand, was received as a result of the fracas; and she had not made a report to the police.

Defendant testified that she had known Blair about six years; when defendant and Baca were about to leave the saloon, Blair called Baca and offered to buy a drink for Baca and defendant; then defendant and Baca went to the bar, and a man bought drinks for them; the man was an older man than Solorzano; she did not recall seeing Solorzano there; Blair asked defendant why defendant did not like her; defendant replied that she did not want to talk about it; Blair said that she was a lady, but she knew defendant was not a lady; then Blair came at defendant with an uplifted hand; defendant, who had a cocktail glass in her hand, put her hands in front of her to push Blair away, and the glass broke on Blair's face; she did not strike Blair.

Baca's testimony corroborated the testimony of defendant.

The bartender testified that, on a prior occasion, Blair told him that she would cut defendant with a can opener; he told defendant that Blair had made that statement; Blair's reputation in the neighborhood for peace and quiet was that she was belligerent and loud.

The evidence was sufficient to support the judgment.

In support of her motion for a new trial, the defendant presented an affidavit of Gloria Garcia, which recited in substance that she had been acquainted with defendant about five years, and she talked with defendant every few months during that time; she had been acquainted with Blair about a year; she (affiant) was in the saloon at the time of the alleged incident and was in a position to observe the actions of defendant and Blair; affiant's attention was attracted to them by the raised and shrill voice of Blair; defendant was sitting at the bar, and Blair was standing; Blair came at defendant in a threatening manner as if she were going to strike defendant; defendant thrust out her hands to ward off the blow aimed at her; defendant was drinking at the time she was attacked by Blair.

Appellant contends, as above stated, that the court abused its discretion in denying the motion for a new trial. She argues that the newly discovered evidence, as shown by the

affidavit, was not merely cumulative; that the affiant was the only witness who had a more or less impartial view of the circumstances; that affiant was not emotionally involved in the events. Appellant argues further that extraordinary diligence was exercised in order to discover new evidence; that counsel for appellant stated, in the trial court, that the new witness came forward after the trial and made the affidavit after much effort on the part of counsel.

A motion for a new trial on the ground of newly discovered evidence is a matter within the discretion of the trial court. (*People* v. *Greenwood,* 47 Cal.2d 819, 821 [306 P.2d 427].) Under the circumstances here the trial court might properly have regarded the alleged newly discovered evidence as cumulative. Defendant's witness Baca gave testimony which corroborated defendant's testimony. Also, the court might properly have found that the defendant, with reasonable diligence, could have discovered and produced the alleged evidence at the trial. At the hearing of the motion for a new trial, counsel for defendant stated that the reason the additional witness did not come forward prior to the trial was that she did not want to become involved in the trial. The affidavit states that the additional witness was in the saloon at the time involved here and she was in a position to observe the actions of defendant and Blair, and she had known defendant about five years and had talked with her every few months during that time. The court might have inferred therefrom that defendant and the additional witness had had conversations on various occasions after the saloon incident and that defendant had had an opportunity to discuss the incident with the witness and to endeavor to produce her as a witness. The court did not abuse its discretion in denying the motion for a new trial.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.