[Crim. No. 2946.   Third Dist.   Sept. 8, 1959.]

THE PEOPLE, Respondent, v. HARRY Z. NEWLAN, Appellant.

J. W. Grossman and Robert A. Zarick for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, Acting P. J.—Defendant was charged with a violation of Penal Code, section 261, subdivision 1 (statutory rape) and section 261, subdivision 3 (forcible rape), both counts relating to the same act. He now appeals from a judgment of conviction following a jury verdict finding him guilty of forcible rape, and from the orders denying his motion for a new trial, his application for probation and his application for a stay of execution pending appeal.

The evidence as to force on the part of the defendant and as to resistance on the part of the prosecutrix is weak. The record discloses that the prosecutrix, the 15-year-old stepdaughter of the defendant, was awakened on or about 2:30 in the morning by the defendant who was then in bed with her; that although she knew a younger sister and brother were in the house at that time, but was not sure if her mother was then there, she made no outcry; that she tried to get away from the defendant and out of the room, but there was little she could do because of his actions in physically holding her on the bed; and that she was crying throughout the commission of the act. The act occurred on or about August 1, 1957, but she told no one until some time in September when she told a friend, Mrs. Erma Fenton.

It is a well-established rule that there must be some showing of resistance on the part of the prosecutrix (*People v. Bales*, 74 Cal.App.2d 732, 736 [169 P.2d 262]); however, the old rule calling for the victim to resist to her utmost has been considerably relaxed, that is: "The extent to which she must resist his [the rapist's] advances is for the victim only to determine. She is required to go no further than is necessary to make manifest her unwillingness to yield to the attack. [Citations.] The crime is accomplished if at any moment during the struggle the accused intends to use such force as may be necessary to gratify his lustful concupiscence against the will of his victim. [Citation.] The importance of the woman's resistance to the rapist inheres in (1) his intent to use force and (2) her nonconsent; but the crime does not hinge upon the woman's 'utmost exertion.' " (*People v. Stewart*, 109 Cal.App.2d 334, 343 [240 P.2d 704].)

The "sufficiency of the woman's resistance, whether the resistance was genuine, sincere, and bona fide, as well as the extent of the resistance or nonconsent, are solely for the trier of fact." (42 Cal.Jur.2d, Rape, § 14, pp. 205-206.)

The authority just cited further states that the factors

to be considered in determining the degree of resistance required are the relative strength of the parties, age and condition of the woman, the uselessness of resistance as it would appear to her, and similar factors. (Pp. 204-205.) ▮ It would therefore appear that the testimony of the prosecutrix that she did not in fact consent, that she tried to get away from the defendant but could not, and that she was crying, reasonably supports the inference that she did not consent and that such nonconsent was made manifest to the defendant, as was her actual resistance. Additionally, her testimony that he so held her as to prevent her escape and accomplished his purpose over her resistance reasonably supports the inference that he intended to and did use force.

▮ It is defendant's next contention that the testimony of the prosecutrix was inherently improbable. It is argued that the defendant could not have physically accomplished the act while holding the prosecutrix as he did. ▮ In order to hold that evidence is inherently improbable and unworthy of belief, it must appear that the facts testified to are such as would amount to a physical impossibility or be unbelievable *per se*. ▮ The prosecutrix testified at length and demonstrated to the jury the position in which she was lying at the time the act was accomplished. We cannot say that such testimony was so improbable as to be false *per se* and impossible.

▮ Defendant further contends that the trial court abused its discretion in denying his motion for a new trial on the ground of newly-discovered evidence. In support of his motion defendant filed an affidavit by one Irene Barnes wherein she stated that she was well acquainted with the prosecutrix; that on many occasions the prosecutrix became angry with her stepfather, the defendant, and expressed the desire to get even with him; and that on one occasion the prosecutrix told the affiant that she was going to say that defendant had molested her and asked the affiant to say that she also had been molested by him, in order that the story of the prosecutrix would be believed. A further affidavit was filed by one Cindy Newell that the prosecutrix had approached her early in June of 1958 and asked her to testify that the defendant had molested her, which she refused to do. Also in support of the motion, defendant filed an affidavit by his wife to the effect that diligence had been exercised to learn the identity of all witnesses having knowledge of the charges made against defendant and that she did not learn of Irene

Barnes' evidence until after the trial. The record, however, contains a counteraffidavit by Irene Barnes stating that she had related the information contained in her first affidavit to the defendant's wife in June of 1958 which would have been prior to the trial of the defendant.

It is well established that the granting or denying of a motion for new trial on the ground of newly-discovered evidence rests in the sound discretion of the trial court, and its ruling will not be interfered with in the absence of a clear showing of an abuse of discretion. (*People* v. *Greenwood,* 47 Cal.2d 819, 820 [306 P.2d 427].) It is also a statutory rule (Pen. Code, § 1181, subd. 8) that for evidence to warrant the granting of a new trial, it must not only be in fact newly-discovered, but must also be such that the defendant, by diligence, could not have discovered it. In the instant case there is no showing that the defendant did not know of Irene Barnes' evidence (see *People* v. *Buck,* 46 Cal.App.2d 558, 566-567 [116 P.2d 160]), nor is there any showing that counsel for defendant was likewise unaware of it. The only showing of diligence is that contained in the affidavit of defendant's wife, and her statements in that regard were refuted by the counteraffidavit of Irene Barnes. Under such circumstances this court cannot say that the trial court abused its discretion in denying defendant's motion for a new trial.

Defendant's final contention is that the trial court abused its discretion in denying him probation. It should be noted that although his purported appeal from such order must be dismissed in that it is not an appealable order, it may be reviewed on the appeal from the judgment. (*People* v. *Walters,* 148 Cal.App.2d 426, 427 [306 P.2d 606].) Here the record shows that the trial court considered the report of the probation officer, which report recommended the denial of probation. "Probation is not a matter of right; it is an act of clemency, the granting and revocation of which are within the sound discretion of the trial court." (*People* v. *Walters, supra,* 432-433.) Where, as here, a defendant has been convicted upon valid and sufficient evidence and the trial court has exercised its discretion after a consideration of a probation officer's report, it cannot be said that the court has abused its discretion.

Even assuming that defendant's appeal from the order denying his application for a stay of execution pending his appeal was proper, it now presents a moot question and is

therefore denied, as is his purported appeal from the order denying probation.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.