THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HIPÓLITO BÁEZ RAMOS, Defendant and Appellant.

No. CR-64-388.      Decided February 19, 1965.

*Carmen L. Santini* for appellant. *J. B. Fernández Badillo,*
*Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor.*
*General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was charged with and convicted
by a jury of the offense of rape consisting in that on or
about October 29, 1963, in the ward of Piñones, of Carolina,
he had sexual intercourse with a woman, I. D. O. de S., not
his wife or concubine, without her consent, against her will,
and by force and violence.

He took this appeal from the judgment sentencing him
to serve from 4 to 10 years' imprisonment in the penitentiary,
assigning the commission of the following errors: (1) in
holding that the resistance in this case was real and effec-
tive; (2) the prosecutrix' testimony was not corroborated;
and (3) the court erroneously refused to transmit to the
jury the two additional instructions requested, particularly
the instruction on the need for corroborating the carnal act.

There is no question that rape is committed by lying
with a female not his wife, among other instances, where
the female resists, but her resistance is overcome by force or
violence. Section 255 of the Penal Code, 33 L.P.R.A. § 961.
Hence, according to this modality of the offense of rape, the

resistance by the woman is an essential element of that offense, and the resistance must be real and to such a degree that it may be overcome only by force or violence, unless the woman be prevented from resisting by reason of threats or of great and immediate bodily harm, accompanied by apparent power of execution. *People* v. *Rodríguez*, 66 P.R.R. 881 (1947); *People* v. *Pimentel*, 68 P.R.R. 588 (1948).

The prosecution evidence, unquestionably believed by the jury, showed that between seven and seven thirty in the evening of October 29, 1963, the prosecutrix and her daughter nine years of age boarded a taxicab operated by appellant in front of her residence in Villa Prades housing project, for the purpose of visiting her husband who was confined in Guadalupe Clinic in Hato Rey. The chauffeur, under the pretense that he had to get something nearby and over the prosecutrix' protest, headed for 65 de Infantería highway and drove through a dark hill until he reached Piñones, a desolate place, where the offense was committed. Let us see how the prosecutrix explains the occurrence:

"Q. And what did he do then?
 A. He cut the motor.
 Q. When he cut the motor, did he leave the lights on or off?
 A. He turned them off.
 Q. And what did he do, if anything?
 A. He got out by the side door next to the wheel and went around the front part of the car and opened the front door of the other side, and then opened the back door where I was, pushed me out by force, and anyway he moved me from the rear and put me on the front seat, and I struggled with him so he would not abuse me; and when anyway he wanted to abuse me, he pushed me in the seat and I hurt myself with the wheel.
 Q. You hurt yourself with the wheel?
 A. Yes, sir.
 Q. Where?
 A. On the head. Then I started to struggle with him, telling him not to abuse me, not to do that, not to do it for

his mother's sake, for his wife's sake, to take me to the clinic.

Q. You told him for his mother's sake, or for whomever it was, to let you alone and to take you to the clinic. And what did he say to you?

A. He said to me, 'shut up, shut up'; I don't dare say.

Q. Go ahead and say it.

A. 'Shut up you lesbian and whore, stop it,' and I kept pushing him until he tore my whole dress, lay on me putting his knees like this, until my hands got tired and I felt exhausted.

Q. And what happened?

A. He abused me." (Tr. Ev. 9–10.)

■ In *People* v. *Oquendo*, 83 P.R.R. 227 (1961), we said that the use of force or violence to subdue the victim's resistance is a sign of her nonconsent, and added at p. 230: "Of course, there is no inflexible rule for determining the extent of the victim's resistance and it all depends on the particular circumstances of each case. It is not necessary, however, that the victim offer violent resistance, *People* v. *Newlan*, 343 P.2d 618 (Cal. 1959); *People* v. *Stewart*, 240 P.2d 704, 709 (Cal. 1952); and proof of resistance is necessary to show that there was nonconsent, and that such resistance was subdued by an equal measure of force or violence which permitted the defendant to gratify his lustful concupiscence against the will of the victim. In order to determine the extent of resistance necessary for the crime to be committed, several factors must be considered, among them, the relative strength of the parties, their age, and the condition of the prosecutrix, as well as the uselessness of resistance under the specific circumstances of each case, *People* v. *Nazworth*, 313 P.2d 113 (Cal. 1957). The mere refusal of the prosecutrix is clearly insufficient, *People* v. *Baerga*, 70 P.R.R. 85 (1949)."

■ It is evident that the victim offered real resistance in this case, which is a sign of nonconsent, and that such resistance was overcome by the degree of force and violence displayed by defendant to rape her.

The first error was not committed; nor the second. In our judgment, the prosecutrix' testimony was corroborated in accordance with the requirements of our law and decisions, by the testimony of her daughter, a girl nine years of age. She testified on everything which happened to her mother from the time they boarded the taxi until they returned home. She described how defendant, after reaching Piñones and stopping the vehicle, took her mother out by pushing her hard from the back seat and threw her on the front seat, uttering nasty words which the girl did not dare repeat but which we already know by the mother's testimony. She witnessed the struggle between her mother and defendant on the front seat, describing it as follows: "When he threw her like that, he started to struggle with my mother."

■ This evidence is sufficient to corroborate the essential elements of the offense of rape. It connects beyond doubt the defendant with the offense. *People* v. *Rodríguez Hernández, ante,* p. 176; *People* v. *Portalatín,* 72 P.R.R. 145 (1951); *People* v. *Baerga,* 70 P.R.R. 85 (1949); *People* v. *De Jesús,* 18 P.R.R. 575 (1912).

■ The trial court did not err either in refusing to transmit the instructions requested by the defense. Those transmitted to the jury cover both the character of the resistance which the victim must offer and the need for corroborating her testimony.

The judgment appealed from will be affirmed.