[Crim. No. 12855.    Second Dist., Div. Four.    Sept. 18, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES
STEPHAN SOUSA, Defendant and Appellant.

Forno & Lewis and Arthur Lewis for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with burglary (Pen. Code, § 459). He waived a jury trial and agreed to submit the case upon the transcript of the preliminary examination. No evidence was offered by defendant. He was found guilty and is appealing from the judgment.

The evidence shows the following: On November 25, 1965 (Thanksgiving Day), someone broke a window and entered the business premises of Aamicorp Sales Company, 9811 Owensmouth Avenue, Chatsworth. The items taken included blank checks, clothing, an acetylene torch and cases of an unusual kind of motor oil known as "Rotella." Mr. Henss, yard foreman for Aamicorp, approached the premises at 4:45 p.m. that day. He saw a blue Plymouth automobile, license JLW 577, parked about 10 yards from the office door. Two cases of Rotella oil were in the driveway and two more cases were by the office door. The trunk of the Plymouth was open, and one case was seen in the trunk. Defendant was seated in the Plymouth. As Henss drove up, a man ran out of the front door of the building and proceeded north. The defendant drove away in the Plymouth. Henss recorded the license number and called the police.

Defendant was arrested on November 27. On November 29 he had a conversation with a police officer, who first advised him he had a right to an attorney and a right to remain silent and that anything he said or did would be used against him in subsequent criminal proceedings.

The officer then asked defendant if he owned the Plymouth referred to in the arrest report (the officer did not recall the license number) and defendant stated he did own it. The officer asked if he had loaned it to someone and he said he had not. He denied he had committed the burglary at Aamicorp.

■ The evidence is legally sufficient to support the judgment (*People* v. *Hills*, 30 Cal.2d 694, 700 [185 P.2d 11]) and defendant makes no contention to the contrary. The only possible defense on the record was to argue a reasonable doubt as to the accuracy of Henss' identification of the burglar. But Henss' testimony was uncontradicted, so a finding of guilty at the trial was a foregone conclusion.

Defendant asks for a reversal upon the ground that the trial court should have granted a new trial upon the ground of newly discovered evidence. In support of the motion for new trial made in the trial court, defendant produced Ray P. Bracamonte, a prisoner in the county jail awaiting trial in the superior court. After Bracamonte had been sworn as a witness, defendant's attorney commenced his examination thus:

"Q. Mr. Bracamonte, calling your attention to Thanksgiving Day of 1965, at or about the hour of 4:00 o'clock, somewhere in that vicinity, 4:45, where were you?

"A. 4:45, this matter, this case took place little earlier.

"Q. About what time were you some place you particularly remember?

"A. I would say about 2:00 o'clock, 1:30, 2:00 o'clock."

Bracamonte then testified that at a place in Chatsworth, the name of which he could not remember, on a street he could not remember ("I don't know the street, name of Canoga Avenue, I think it is") he broke into a building and "Took some clothes, suitcase full of clothes, couple of rifles, case of oil, some checks and a welder's torch." He said he used a 1953 or 1954 Plymouth which had been furnished by a confederate whose name he refused to disclose. He said he drove off in the Plymouth when someone approached. He testified that defendant was not the "other man."

In denying the motion for a new trial the court said, in part: "If the Court was convinced that an injustice was going to result even if due diligence was not exercised in this matter, the Court would be inclined to grant the motion. The Court is not making its ruling on the fact due diligence may or may not have been exercised. The Court is rather shocked to hear the testimony of Mr. Bracamonte. Perhaps there were

two burglaries committed at this establishment and perhaps Mr. Bracamonte should also be charged with burglary in this establishment, because the facts as he has related them are certainly not similar to the facts as the complaining witnesses had related them. We are not even talking about the same thing, Mr. Marshall.''

It is a familiar rule that the granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court, and that an appellate court will not interfere except upon a clear showing of an abuse of discretion. (*People* v. *Greenwood,* 47 Cal.2d 819, 821 [306 P.2d 427].)

In *People* v. *Sing Yow,* 145 Cal. 1, 4 [78 P. 235], the court said: ''A defendant is not entitled to a new trial as a matter of right simply because he has discovered new evidence which might have been admitted on the trial, if discovered earlier. The question always exists in this connection as to whether under all the circumstances of the case the newly discovered evidence is produced in such a way, and is of such a nature, that its introduction upon another trial would render a different result reasonably probable, and as to whether, in the absence of such evidence, the defendant has had a fair trial on the merits.''

In making this determination the court is entitled to consider the credibility as well as the relevance of the proffered testimony. (*People* v. *Hayes,* 220 Cal. 220, 225 [30 P.2d 21]; *People* v. *Byrne,* 160 Cal. 217, 226 [116 P. 521]; *People* v. *Weber,* 149 Cal. 325, 349 [86 P. 671]; *People* v. *Egbert,* 43 Cal.App.2d 117, 118 [110 P.2d 495].)

The testimony of Bracamonte, a jail prisoner awaiting trial, was vague and indefinite. According to his story he had fled the scene three hours before the time at which the witness Henss saw defendant there. Taken literally, Bracamonte's testimony did not rebut Henss' testimony at all.

The cases relied upon by defendant here present readily distinguishable fact situations. In *People* v. *Williams,* 57 Cal.2d 263 [18 Cal.Rptr. 729, 368 P.2d 353], where the denial of a new trial was held to be an abuse of discretion, there were apparently credible affidavits of two witnesses showing that the prosecution's chief witness—the ''victim'' of the alleged crime—had framed the defendant.

In *People* v. *Love,* 51 Cal.2d 751 [336 P.2d 169], a murder case in which an order granting a new trial was affirmed, it appeared that a witness who had testified in the

guilt trial as to defendant's threats, testified at the penalty trial that he could not remember the threats, and that he had been quite drunk at the time of the claimed threats and had been drinking at the time he gave his former testimony.

In *People* v. *Huskins,* 245 Cal.App.2d 859 [54 Cal.Rptr. 253], a conviction for child molesting was reversed where the child's testimony was unsatisfactory, the defendant had consistently denied his guilt, and where, on the motion for a new trial it was shown that the only adult witness who had supported the prosecution had a history of paranoid schizophrenia and had made unproven charges of child molestation against her own husband.

*People* v. *Henry,* 142 Cal.App.2d 114 [298 P.2d 80], which defendant's brief characterizes as ''a somewhat similar situation,'' was a statutory rape case in which the prosecutor had neglected to ask the alleged victim whether the person with whom she had intercourse was the defendant. The ''newly discovered evidence'' offered on the motion for a new trial in that case was the affidavit of the victim stating that the defendant was not the man.

In the case at bench there is nothing comparable to the facts in any of those opinions. The trial court did not abuse its discretion. The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.