ASHBY, J.
I respectfully dissent.
This case does not involve some contrived technicality, it involves a matter of guilt or innocence. In my opinion, the evidence is not sufficient to establish compulsion by force or threat. Miss K.’s reaction to being raped earlier that morning before she met appellants very probably created an expectation in their minds that they could have sex with her. This expectation, however, does not establish the requisites of rape. It is a necessary element of the offenses of which appellants were convicted that *706 there be some resistance to overcome, whether it be overcome by force or threat. Resistance need not be substantial. A woman need not physically resist but she must at least manifest an unwillingness to engage in sex. (People v. Peckham, 232 Cal.App.2d 163, 167 [42 Cal.Rptr. 673]; People v. Newlan, 173 Cal.App.2d 579, 581 [343 P.2d 618].) At no time did Miss K. make any statement or engage in any conduct which indicated unwillingness or resistance of any kind. Furthermore, there was no evidence of force or threats of any kind which would excuse some expression of unwillingness. On the contrary, after Miss K. got into appellants’ car, she told them the circumstances of the rape earlier that morning. The fact that she told them the circumstances of that rape made some manifestation of unwillingness on her part even more essential than in the ordinary case. The circumstances of the rape include her telling the rapist to pull over after he passed her offramp, attempting to jump from his speeding car when he refused to stop, and her repeatedly telling him, “Let me out of this car. I’ll walk back.” Appellants’ expectations were no doubt reinforced when she did not tell King to pull over when he passed her offramp, did not try to leave the car or ask that King stop the car and let her out as they proceeded on to Holly Park. From appellants’ point of view, Miss K.’s conduct with them would appear to be consent.
Her telling Loupe to get off her does not manifest the requisite unwillingness because that statement was made just before the sheriff’s deputies arrived and after all the sex acts but the act in progress had already been completed. It is significant in two ways, however. One, it applied only to Loupe.[1] Two, it showed that Miss K. was capable of speaking up and expressing any unwillingness that she had.[2] There simply is no substantial evidence on which to base appellants’ convictions.
A petition for a rehearing was denied July 6, 1979. Ashby, J., was of the opinion that the petition should be granted. Appellants’ petitions for a hearing by the Supreme Court were denied August 22, 1979. Mosk, J., was of the opinion that the petitions should be granted.

'Q. Now, up until that time, it’s true, is it not, that you had not told either Mr. King or Mr. Loupe to stop what they were doing? “A. [Miss K.] The only person I told to stop and to get off was Mr. Loupe. I didn’t have to tell Mr. King that. Mr. King did what he had to do and he got off. Only Mr. Loupe, he got on and he stayed on.”

It should be noted that Miss K. was not reticent about expressing unwillingness during the earlier incident before she met appellants.